HARDY, Judge.
This is a suit for damages sustained by plaintiff’s automobile and for medical services amounting to the sum of $10 for treatment to his wife as the result of an automobile collision allegedly caused by the negligence of the driver of a dump truck owned by the defendant, T. L. James & Company. Joined as defendants were John M. Latham, as driver of the truck, and National Surety Company, liability insurer of defendant, James Company. After trial there was judgment in favor of plaintiff, in the principal sum of $534.25, from which defendants have appealed.
The accident occurred at about 4:15 p. m. on February 15, 1954, at a point on U. S. Highway 171, some nine or ten miles south of the City of Shreveport. Plaintiff, driving an Oldsmobile Sedan south on the highway, overtook and attempted to pass the truck driven by the defendant, Latham, which was also proceeding south and which, at or about the time of plaintiff’s passing operation, began a left-hand turn into a private roadway leading off the east side of the highway to a cafe filling station and garage some 150 feet distant therefrom.
At the point of the accident the highway was level and straight for a considerable distance in either direction; the weather was clear and dry and there was no other traffic moving along the highway in the vicinity. The highway itself had been recently opened to traffic and was still marked by caution and warning signs erected, and maintained by the defendant, T. L. James & Company, the contractor engaged in the ¡completion of construction. The point of impact of the vehicles was between the right front of plaintiff’s automobile and the left .rear of the James truck.
The testimony of the witnesses is in violent conflict. Plaintiff’s car was occupied by himself, his wife and their infant grandchild. The James truck was being driven by Latham, accompanied by one Henry F. Watkins, a fellow employee.
Plaintiff testified that he was driving at a speed of some 45 to 50 miles per hour; that he first saw the truck when it was about 300 feet in front; that when he was about 50 feet distant from the truck he sounded his horn and began to turn to his *560 left to pass; that almost coincident with this action his wife cried a warning that the truck was turning in front of them, whereupon, continuing to sound his horn, he applied his brakes but was unable to avoid the collision wtih the rear end of the truck; that the driver of the truck gave no warning signal nor evidence of his intention to turn to his left. This testimony of plaintiff is stoutly corroborated by his wife.
Latham, the driver of the truck, testified that, intending to turn across the highway to his left and into the driveway on the east side, he began giving a signal by turning his directional light and by extending his arm straight out from the cab window of the truck when he was some 300 feet north of the roadway; that he did not observe the approach of the Henry automobile in his rear view mirror and his first warning of its presence came when he heard the horn and the brakes, whereupon he looked around, at the same time attempting to turn his truck back to the right; that he began making the turn when he was still approximately 100 feet north of the roadway; that he had been driving at a speed of about 25 miles per hour but had slowed to approximately 15 miles an hour when he began to make his. gradual turn across the center of the highway. This testimony was corroborated in every respect by Watkins.
The State Trooper who investigated the accident testified as to the location of the cars; the skidmarks on the road made by the Henry automobile and other physical circumstances, none of which proved to be very helpful with the exception of the fact that, by examination after the accident, he discovered the wire of the rear directional light of the truck was broken, which break could not be attributed to the effect of the collision.
The testimony of another eye witness, one O. A. Eaves, Jr., who declared he had observed the accident from a position nearby the filling station pumps, tended to corroborate the version of the accident as given by 'Latham and Watkins, but is open to some question as to the accuracy and weight thereof."
Mrs. Henry testified positively that La-tham did not give an arm signal of his intention to turn and that the left window of the cab of the truck was up after the accident. This fact was also attested by the plaintiff, Henry.
We think there is no question as to the negligence of the driver of the James truck, for it is clear that he did not make an adequate observation to his rear before beginning the left-hand turn, by which he could readily have determined the approach of the Henry automobile at a speed about twice his own.
The important issue, which we think is here tendered, concerns the question of contributory negligence on the part of plaintiff. We are at a loss to understand how plaintiff did not perceive the truck until he was only some 300 feet distant, nor why he waited until he was only approximately 50 feet behind the truck before he began to sound his horn as a warning of his intention to pass. His speed, which was certainly at or near 50 miles per hour as against the speed of the preceding truck of not more than 25 miles per hour, and very probably less, indicates that the sounding of the horn at a distance of only 50 feet was a futile and useless gesture and one which could not serve any practical purpose in the nature of effecting a warning. Additionally, we conclude, from all of the evidence on the point, that the turning of the truck to the left was not sudden nor abrupt, but rather it appears that the truck was being angled across the center line of the road. According to the testimony the truck was only very slightly over the center of the highway at the time of the collision.
We are further convinced, as a matter of fact, that the plaintiff, Henry, did not observe the turning movement of the truck until he was warned by his wife, which fact is indicative of his failure to make-proper observation and to keep a careful1 lookout. All of these factors have influenced us to the conclusion that plaintiff was guilty of negligence which certainly contributed to the accident.
*561 The facts of the instant case, as we appreciate them, are strikingly similar to those involved in two comparatively recent cases decided by this court, Callia v. Rambin, La.App., 78 So.2d 44, and Nichols v. Everist, La.App., 80 So.2d 199, in both of which we held the drivers of following cars guilty of negligence in failing to take proper precautions in attempting passing operations.
For the reasons assigned the judgment appealed from is reversed and set aside and there is now judgment in favor of defendants rejecting plaintiff’s demands at his cost.