## No. 417

## First Circuit

## BURGESS v. BLACKWELL

(February 13, 1929.  Opinion and Decree.)

B. M. Harvard, of Hammond, attorney for plaintiff, appellee.

Mat. J. Allen, of Amite, attorney for defendant, appellant.

MOUTON, J. Dr. J. F. Burgess, plaintiff was driving his auto westward from Hammond to his home situated about two miles from that town. He was alone in his car, and was traveling on the north side of the highway, which was his right side of the road that passes north of his property. When he got near a bridge opposite his property on the south side of the highway, he turned to his left to enter his premises.

Defendant was also driving a truck in the same direction, and as the auto of the plaintiff was turning or had turned to the left, the truck ran into plaintiff's car, causing the damages for the recovery of which this suit was instituted. The accident occurred at night at about 10 o'clock.

Plaintiff testifies that as it was usual with him, when he started to his left to cross the road, he looked back, that he saw a car coming behind him which was at that time about three hundred yards away; that its headlights were burning brightly and considering the distance the car was from his auto, he did not think that it would pass ahead of him; that before turning he held his hand out of the window of the car as a signal to the approaching car. He says that as he started to cross the highway, defendant's truck hit his auto. He says he has been driving autos for sometime, and knows the traffic or road laws.

Defendant admits that his lights were shining brightly on the left hand side of the highway, but is positive that plaintiff never held his hand out as testified to by him. Mr. Dickerson, who was in the car defendant was driving, also says that plaintiff did not hold his hand out of the window of his auto, and that he did not give any warning that he was about turning to his left to make the crossing.

The vital question presented for solution is therefore as to whether plaintiff extended his hand out of the window of his car or not, as it is evident defendant or his companion could not have failed, with the bright lights at the head of the truck, to have seen the signal plaintiff claims to have given.

Hence, the decision of the case depends on the belief that should be given to the testimony of these witnesses on this vital issue above stated.

The record shows that plaintiff was familiar with the custom or laws which govern the traffic on public roads and had long experience in driving autos. He was, on the occasion in question, going home from Hammond where he practices his profession as a dentist. There is nothing whatsoever to indicate that he was in any hurry. Under such circumstances, though possible, it is not however to be reasonably believed that he would have ventured to cross the road without giving the customary hand signal to a car which he knew

was coming behind his auto. It would indeed have been a rash undertaking if he had taken such risks, situated as he was. It also appears from the testimony of two or three witnesses, that the distance between the point where the impact occurred and the place where the truck stopped to the west of that spot was found by actual measurement to be about ninety-eight (98) feet. That fact indicates that defendant, at the time of the wreck, was going at a rather lively speed. It is true, that Mr. Russell, witness for defendant, says that the latter's truck was found, not at ninety-eight (98) feet, but at seventy-five (75) feet from the point of the collision, but his testimony carries the statement that it glided some forty (40) feet along the roadway, and thirty-five (35) feet more in the ditch.

To have gone that distance in the ditch after speeding forty (40) feet along the highway, makes it still more evident that the truck was being driven at the time it hit plaintiff's car at a speed not reasonably safe when the driver of an auto is attempting to pass ahead of another car.

Mrs. Nolan tetsified in the case and said she had gone to the scene of the accident soon after its occurrence; that defendant told her he was on his way to a fish fry where three men were waiting for him, and that he did not take the Baton Rouge road to go to his destination at Rome's Ferry because he could make better speed by the route he was traveling.

Under such a state of facts and circumstances hereinabove given, evidently the district judge believed plaintiff's statement that he had held his hand out as a warning to the driver of the truck behind him before he started to cross the highway, and that defendant, due to fast driving or some other cause, failed to see the signal so given him. The judge believed plaintiff, and not defendant and his companion.

There is no proof in the record showing that the Court has fallen into an error in giving its approval to plaintiff's testimony. The issue affects the credibility of witnesses, a question resting within the province of the trial judge, reversible only for manifest error which does not appear here.