Plaintiff brought this suit for the recovery of a total of $9,300 in damages consisting *Page 268 
of personal injuries and damages to an automobile alleged to have been caused by the negligence of the operator of a gravel truck belonging to the S.W. Murtishaw Construction Company of which S.W. Murtishaw is the sole owner. The Murtishaw Company and its liability insurance carrier were made defendants.
This case was consolidated for the purposes of trial and appeal with the cases of Foster v. Great American Indemnity Company et al., La. App., 35 So.2d 265, and Gutierrez v. Murtishaw, Nos. 7178 and 7180, La. App., 35 So.2d 266, respectively, on the docket of this Court, and the transcript of evidence and the exhibits filed on trial of the case, as made up in this cause, were, by agreement, introduced in the other cases.
After trial there was judgment in favor of plaintiff in the sum of $5,736.00, from. which judgment defendants have appealed. Plaintiff has answered the appeal, praying an increase in the judgment to the sum of $9,300.00.
These consolidated suits are the aftermath of a triple-header collision between an automobile owned and operated by plaintiff, Smythe, a gravel truck of the Murtishaw Company, operated by one of its employees, and a passenger automobile owned and operated by one Jess Hamblen. Smythe, the driver of one automobile, is the plaintiff in this suit, and the plaintiffs in the companion and consolidated suits are John W. Foster, who was a passenger in the Smythe car, and Jose Gutierrez, who was a passenger in the Hamblen car.
The situs of the accident is a dangerous curve on Highway 80 about one and one-half miles west of Minden, Webster Parish, Louisiana, which has been the locale of numerous collisions and accidents which this Court has had occasion to consider in the past. The curve turns sharply to the north, that is, to the right of the driver of a vehicle proceeding in a westerly direction, which would be, conversely, to the left of the driver of a vehicle driving east.
The accident occurred at or about 6:30 on the evening of December 24, 1945. The Smythe automobile at the time was moving cast toward Minden while the Murtishaw truck and the Hamblen car, which was following the truck at a reasonable distance therefrom, were traveling west away from Minden.
At or very near the apex of the curve the left front portion of the Smythe car violently collided with the left rear of the Murtishaw truck. The force of the impact was such that the dual wheels of the truck were knocked loose, coming to rest some distance along the highway in a ditch on the north side thereof, while the main body and cab of the truck, after overturning, came to a stop across the south lane of the highway. The Smythe car was turned about as a result of the blow, and, after crashing into the Hamblen car, was thrown back to the extreme south side of the highway where it came to a stop, headed into a ditch.
This plaintiff, Smythe, alleged negligence on the part of the driver of the Murtishaw truck in that he was driving at an excessive rate of speed, more than forty-five miles per hour; operating the truck on the wrong side of the highway; not keeping a proper lookout; cutting the curve in disregard of the safety of other vehicles on the highway. Foster, plaintiff in one of the consolidated actions, makes identically the same allegations of negligence against the driver of the Murtishaw truck. Gutierrez, who is the plaintiff in the third of the consolidated suits, in which Murtishaw, his insurer, and Smythe are the parties defendant, alleged negligence both on the part of the driver of the truck and Smythe.
The allegations of negligence against the driver of the Murtishaw car, as set forth in the Gutierrez petition, consisted of failure to keep a proper lookout; failure to slacken speed or otherwise bring the truck under control; and driving "at, near or across the black line dividing the center of the highway without leaving a sufficient margin of safety for others approaching from the opposite direction".
The allegations of negligence against Smythe were that he was driving at a high rate of speed and in a careless and negligent manner; failing to keep a proper lookout; failing to slacken the speed of his car or otherwise bring it under control, and driving "at, near or across the black line dividing the center of the highway without *Page 269 
leaving a sufficient margin of safety for others approaching from the opposite direction".
In answers filed in the three suits the defendants, Murtishaw and his insurer, averred that the accident was occasioned solely by the negligent acts of Smythe, specifically in operating his car at a high rate of speed on the wrong side of the road, which negligence the said defendants alleged upon information and belief to be attributable, in whole or in part, to the intoxicated condition of the said Smythe at the time. In the Foster suit it was further alleged in the answer of the named defendants that Foster, who was a guest in the Smythe car, was fully cognizant of Smythe's condition, having been engaged with him in the drinking of intoxicants just prior to the accident. These defendants reconvened in the Smythe suit and sought recovery of damages to the truck, allegedly resulting from Smythe's negligence.
After trial of the consolidated cases there was judgment in favor of Smythe against Murtishaw and his insurer for damages in the sum of $5,736.00, from which defendants appealed. Smythe answered the appeal, seeking an increase in the amount of damages to $9,300.00.
There was judgment in favor of the plaintiff, Foster, against Murtishaw and his insurer, awarding damages in the sum of $2,603.00, from which judgment the defendants appealed, and in answer to which appeal Foster seeks an increase in the amount of damages to the sum of $7,650.00. There was judgment against Murtishaw and his insurer in the Gutierrez case awarding damages in favor of plaintiff in the sum of $4,000.00, from which judgment the named defendants appealed, which appeal was answered by plaintiff, who prayed an increase in the amount of damages to the sum of $10,000.00. There was further judgment in the Gutierrez case rejecting the plaintiff's demands against Smythe, and from this part of the judgment Gutierrez has appealed to this Court.
The complexity of the pleadings in these consolidated cases is rivaled only by the complexity of the comflicting testimony of the witnesses. Our learned brother of the District Court in his written reasons for judgment commented on this point to the effect that "* * * the evidence is as usual, in hopeless conflict."
After analyzing the testimony of the witnesses the distinguished Judge of the District Court further commented as follows:
"It is well known that where there are several witnesses to an accident they rarely, if ever, see it the same way, and all may be perfectly honest in their testimony as to the way it happened. In this situation, when the evidence is so conflicting that there is no way to reconcile it, what appears to be the most reasonable version must be accepted, taking into consideration the physical facts."
"In this case, taking these things into consideration, such as glass in the road on the south side, apparently from a headlight, oil in the road on the south side of the road, the youth of the driver of the truck, my conclusion is that a fair preponderance of the evidence is in favor of the plaintiffs, and justifies the conclusion that the accident and resulting damage was caused by the negligence of the driver of the truck * * *."
We heartily agree with the District Judge in his observation as to the conflict in testimony. It is practically impossible to reach a conclusion which can be based with any degree of certainty on any clearcut, unequivocal testimony in the record before us.
The circumstances attendant upon the collisions, by reason of the absolutely irreconcilable nature of the testimony of the several witnesses, are left in a hopeless state of confusion and uncertainty. Smythe and his guest, Foster, accompanied by a dusky and mysterious companion known to the record only as Dave, an individual who was not tendered as a witness by either side, and whose very whereabouts appear to be unknown, started out from Minden on the afternoon of Christmas Eve, 1945, on a junket west on Highway 80. The first stop was at an establishment known as "Casey Jones", where the purveying of spirituous liquors seems to have been the principal business. Here Dave was deposited by Smythe and Foster, who proceeded to the *Page 270 
home of a Mr. Mitchell somewhere farther west, where they spent some four or five minutes. In this connection it is observed that Mitchell did not appear as a witness in these proceedings.
After this brief visit Smythe and Foster reversed directions and retraced their course along Highway 80, this time proceeding east in the direction of Minden. They stopped at Casey Jones and went in for the purpose of picking up Dave, so they testified. After this mission had been accomplished, the party proceeded to another establishment known as "Lakeside Inn", where it appears Dave fianally and permanently severed his association with Smythe and Foster. At Lakeside Inn Mr. Smythe went into the building to wish the proprietor, one Leigh, a Merry Christmas. After spending a brief period of time at Lakeside Inn, Smythe and Foster resumed their trip toward Minden, their arrival there being delayed by the collison which is the basis of this litigation.
During the entire period of what appears to be a somewhat impromptu excursion, Smythe and Foster stoutly deny that they partook of any intoxicating beverages, and each of these parties testified, with respect to the other, that "if he did take a drink I didn't see him".
With reference to the part that John Barleycorn played or may have played in the events which followed, it is interesting to note that there is indisputable evidence of the presence of intoxicants at the scene of the accident. The uncontradicted testimony of one witness was to the effect that a broken quart whiskey bottle with some whiskey still remaining in it, and an unbroken bottle containing gin were found at the point where the Smythe car came to rest after the accident. Another witness testified that some unidentified party ran up to him immediately after the accident and thrust a full pint bottle of whiskey into his hands and then departed from the scene. Very shortly after the accident Mr. Foster, plaintiff in one of these suits, left the scene and walked down the road toward Minden with the intention, so he testified, of getting a taxi to take him home. Failing in the attempt to get a taxi to respond to his call, he proceeded to his home, some two miles distant from the scene of the accident, under his own power.
One witness who rode with Mr. Smythe in the ambulance which was called to the site of the accident, and which removed Smythe to the hospital, testified positively that Smythe had been partaking of intoxicants. The driver of the ambulance and the doctor who attended Smythe testified that they did not remember noticing any evidences of intoxication.
The testimony as to the details of the actual collision is equally as vague and confusing as the testimony with regard to the imbibing, vel non, of intoxicating liquor. Smythe and Foster testified positively that the Smythe car was on the extreme south side of the highway; that the Murtishaw truck was several feet across the center line of the highway on the south side, that is, in the line in which the Smythe car was traveling; that almost at the last second the driver of the Murtishaw truck swung the front end of the vehicle to the right, thereby averting a headon collision but failing to clear the path of the Smythe car, which he sideswiped with the rear portion of the truck, the point of impact being just in front of the rear dual wheels thereof.
The seventeen-year old negro youth who was driving the Murtishaw truck testified just as positively that he was well over on the north, which was his side of the highway, and that the Smythe car was partially on the wrong side of the center line. This testimony was, to a degree at least, corroborated by the driver of another of Murtishaw's trucks which was immediately in front of the one involved in the accident.
It is obvious that all of these parties were definitely at interest, which fact detracts, at least to some degree, from the effectiveness of their testimony. By reason of this fact we think that even more than usual weight must of necessity be attached to the testimony of other witnesses and to the physical circumstances connected with and surrounding the accident.
It is to be borne in mind as a practical proposition that ordinarily it mattered not to Foster, who was the guest in Smythe's car, whether the driver of the Murtishaw *Page 271 
truck or Smythe was at fault, inasmuch as he was a bona fide guest in the Smythe vehicle at the time. But it is significant that Foster did not seek recovery against Smythe and directed his action solely against Murtishaw and his insurer. This comment is apropros in the process of evaluating testimony, for the reasons which are obvious.
Gutierrez, who is the plaintiff in the third of these consolidated suits, was in somewhat the same position as Foster, to the extent that it was a matter of no importance to him whether the truck driver or Smythe, or both, were guilty of the negligence which caused the accident. Gutierrez, who, at the time, was in the service of the United States Army, had hitch-hiked a ride with Hamblen, who was the owner and operator of the other passenger car involved in the collision. There is no slightest attempt on the part of any of the several interested parties to charge Hamblen with any negligence whatsoever. The involvement of the Hamblen car was due entirely to the fact that, unfortunately, it was following closely, albeit at a reasonable distance, the Murtishaw truck, and Hamblen, the driver, had no opportunity whatsoever to avoid the collision with the Smythe car which was thrown into his path by the force of its impact with the truck.
Therefore, in considering the testimony of Gutierrez we are impressed with the proposition that he would have no bias for either of the principal actors, and, accordingly, his testimony should be entirely dispassionate and impartial. Close study of Gutierrez's testimony leads to the conclusion that in his opinion the collision was due to the negligence of both parties who were hugging the center of the road without preserving a sufficient and proper margin of safety between the vehicles.
Consideration of the effect of the testimony of the witnesses in this case is further complicated by the fact that the only other eye witness, Hamblen, who testified by deposition, is unequivocal on the point that the Smythe car was proceeding at an excessive rate of speed and was partially over the center line of the highway in the north lane.
The testimony of the witnesses as to the relative speed of the vehicles is equally as confusing, conflicting and uncertain as the testimony with reference to their positions on the highway.
Unlike our brother of the District Court, we fail to attach any considerable significance to the testimony as to the presence of glass and oil on the south side of the highway which he assumed as indicating the shattering of a headlight and the spilling of oil of the Smythe car on its right side of the highway. We regard this as being an unwarranted assumption in view of the fact that there is no direct testimony which links the glass and the oil with the Smythe car, nor is it established that the location of the glass and oil was at the spot where the impact occurred.
[1] There is one point which appears to be exceedingly plain to our minds, namely, that the combined speed of the vehicles indicates a lack of reasonable care on the part of both drivers in the negotiation of the sharp and dangerous curve at which the accident occurred. There is no doubt in our minds that the Smythe car must have been traveling far in excess of a reasonable rate of speed in order to attain such momentum as would knock the heavy dual wheels of the gravel truck completely out from under the body. To conclude that the Smythe car at the time was traveling at approximately twenty miles per hour, which was the approximate speed fixed by some of the witnesses, would entail an utter disregard of all physical laws.
Another factor which we have thoroughly considered, in relation to its bearing upon the accident, is the point of impact. This feature is susceptible of explanation on any one of a number of grounds; that the truck driver attempted to swing his vehicle to his right at the last moment, which maneuver cleared the front end of the truck; or that Smythe, confused by the imminence of the collision, or for other reasons, unwittingly swung his car to the left after he had cleared the front end of the truck, or even that he failed to take into consideration the fact that the dual wheels of the truck projected to the extent *Page 272 
of several inches beyond the front part of the vehicle.
After careful study and consideration of the record before us, we are constrained to believe that the accident in question was due to the concurring negligence of the driver of the truck and Smythe as a result of their mutual failure to exercise reasonable care with respect to the speed, the degree of control, and the proper regard for the road rights of passing vehicles on a notoriously dangerous section of highway.
[2] This finding effectively eliminates any right of recovery by Smythe against Murtishaw and his insurer, and, similarly, nullifies the right of Murtishaw to recover on his reconventional claim.
[3] As we have pointed out, Foster was a bona fide guest in the Smythe car and the record does not substantiate the contention that he was guilty of failure in the exercise of reasonable care on his own part. Consequently, Foster, having chosen to sue Murtishaw and his insurer, is entitled to recover against these defendants since our finding is to the effect that Murtishaw's employee was guilty of negligence.
[4] As to the rights of Gutierrez, there is no question as to the correctness of the judgment against Murtishaw and his insurer. However, in view of our finding of negligence on the part of Smythe, it is equally clear that Gutierrez is also entitled to judgment, in solido, against Smythe, the right to which relief he has fully preserved by his appeal from the appropriate portion of the judgment of the District Court.
The only question that remains relates to the quantum allowed to Foster and Gutierrez as the respective measure of their respective claims for damages. We find no error in the amounts fixed by the Judge of the District Court. Under no circumstances do we consider, on the basis of the record, that either of these parties is entitled to any increase in the amount of his award. On the contrary, we think the judgments are most liberal but not to such an extent, under the facts, as would justify this Court in effecting a reduction.
[5] As is to be observed from the matters hereinabove set forth in this opinion, a determination of this case rests upon a finding of fact. The customary weight which is attached by appellate courts to findings of fact, as determined by the judges of trial courts, is not a matter of consideration in the instant case by reason of the fact that, while the trial of these consolidated causes was had before Judge Enos C. McClendon, the judgment was rendered by Judge J.F. McInnis.
For the reasons assigned the judgment appealed from in the instant case is reversed, annulled and set aside, and there is now judgment in favor of defendants, Murtishaw Construction Company, S.W. Murtishaw, owner, and the Great American Indemnity Company, rejecting the demands of Chester G. Smythe, plaintiff, at his cost. There is further judgment rejecting defendants' reconventional demand.
Appropriate decrees in conformity with the views expressed in this opinion will be entered in the Foster and Gutierrez cases.