57 So.2d 814 (1952)
SCHEIB
v.
LEDET et al.
No. 19610.
Court of Appeal of Louisiana, Orleans.
March 31, 1952.
*815 George H. Toye, New Orleans, for plaintiff and appellant.
Ivy A. Smith, Jr., New Orleans, for defendant and appellee, Roland J. Ledet.
Henry J. Wyman, New Orleans, for defendant and appellee, Ernest Hill.
McBRIDE, Judge.
On the morning of August 12, 1950, as the result of a collision between it and an automobile-truck at the intersection of Valmont Street and St. Charles Avenue, the automobile of Roland J. Ledet ran into and caused damage to the 1947 Chevrolet of Philip Scheib, which was parked alongside the curb in front of 5317 St. Charles Avenue. Scheib filed suit for his damages against Ledet and Ernest Hill, the latter being the owner of the truck, praying for a solidary judgment against them.
The matter comes before us for review on the appeal of Scheib from the judgment below dismissing his suit. The trial judge concluded, as appears from her written reason for judgment, that the doctrine of res ipsa loquitur, which plaintiff sought to invoke, has no application, and that plaintiff failed to carry the burden of proving his case, as "the testimony of one (defendant) is entitled to as much weight as that of the other," and "it is impossible for the Court to determine who was responsible for plaintiff's damages."
Whether the doctrine of res ipsa loquitur has applicability is something that need not be discussed here. Plaintiff, after pleading res ipsa loquitur, alternatively charged the defendants with negligence for their failure to keep a proper lookout and to have their vehicles under control. No discussion of the doctrine is necessary because of the presence of the alternative allegations, which in our opinion are fully made out by defendants' own testimony.
Plaintiff was without knowledge as to how the accident happened. Each defendant denied negligence, and then sought to fix the blame on the other. Their testimony presents a clear picture as to what occurred, and we readily conclude that they were both guilty of joint and concurrent negligence proximately causing the accident, inasmuch as they, as plaintiff specifically alleged, failed to maintain a proper lookout and to have their vehicles under control. Plaintiff is entitled to a recovery against both defendants.
Ledet was driving towards uptown on St. Charles Avenue, fairly close to the neutral ground curb, at about twenty-five miles an hour; Hill's truck was traveling on Valmont Street across the neutral ground in the direction of the lake. It was Hill's intention to turn left into the traffic lane on St. Charles Avenue in which Ledet was traveling, and just as he started the left turn, or was in the process of making it, the vehicles collided, the front part of the left side of Ledet's car contacting the right front wheel of Hill's truck. The steering apparatus of Ledet's car was damaged, and it veered into plaintiff's car, *816 which was parked some distance away from the point of the impact.
Neither of the drivers saw the other vehicle until the moment of the crash, although their respective views were unobstructed. Hill is positive that he looked down St. Charles Avenue, but declares that he saw no cars approaching. It is a presumption of law, juris et de jure, that a person saw a thing that he should have seen had he looked, and his failure to see what was there to be seen constitutes negligence. Jackson v. Cook, 189 La. 860, 181 So. 195; Flowers v. Indemnity Ins. Co., La.App., 46 So.2d 776; Hirsch v. Kendrick, La.App., 43 So.2d 692; Maher v. New Orleans Linen Supply Co., Inc., La.App., 41 So.2d 101.
Ledet did not say a word about his having been on the lookout for vehicles coming across the neutral ground. The duty of a motorist to look ahead never ceases, and Ledet having failed to exercise the vigilance required of one operating an automobile was guilty of negligence. While it may be true that he did have the right of way, under the circumstances, had he been paying but slight attention to his driving, he certainly would have noticed the truck and known, because of its speed, that its driver did not intend to stop on the neutral ground. The right of way did not relieve Ledet of the necessity of exercising caution, and had he taken the trouble to look he would have seen the truck and could have taken such steps as were available to him for avoiding a collision. See Tarleton-Gaspard v. Malochee, 16 La.App. 527, 133 So. 409.
Plaintiff testified that his damage amounted to $127.57, and the testimony is unchallenged; supporting plaintiff there is in evidence an itemized repair estimate from Auto Painting and Repairing Company.
For the reasons assigned, the judgment appealed from be and it is hereby reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of Philip Scheib and against defendants, Roland J. Ledet and Ernest Hill, jointly and in solido, for the sum of $127.57, with legal interest from judicial demand, and for the costs of both courts.
Reversed.
JANVIER, J., takes no part.