■REGAN, Judge.
The plaintiff, Evans J. Bergeron, instituted this suit against the defendant, Alton J. Roberson, Sr., endeavoring to recover the sum of $5,744.57, representing personal injuries, property damage, loss of earnings and medical expenses, incurred on August 5th, 1950, at 12:30 p.m. as the result of an intersectional collision in Constantinople and Camp Streets between his 1936 Ford Truck and defendant’s 1941 Plymouth Automobile, which was operated at the time by his 19 year old son.
Defendant answered' and denied that his son was in any way at fault and averred that the accident was due solely to the negligence of plaintiff in driving at an excessive rate of speed, in failing to keep a proper lookout, that plaintiff possessed the last clear chance of avoiding the collision and, in the alternative, pleaded the contributory negligence of the plaintiff.
From a judgment in favor of plaintiff in the sum of $869.57, defendant prosecutes this appeal.
When an intersectiorial collision occurs between two automotive vehicles, and the operators thereof charge each other with negligence, we often find it logical and expedient to first analyze the actions of the litigant who initiates the suit, for the reason that there can be no recovery if that party, by the exercise of due diligence and reasonable care, could have avoided the accident. Therefore, we shall first consider the evidence with respect to the actions of plaintiff.
.The record reveals that both Camp and . Constantinople Streets are paved and that *21 neither, under the traffic ordinance of the City of New Orleans, is a right of way street.
Plaintiff contends that he was driving his Ford truck in Camp Street in the direction of Louisiana Avenue, at a speed of about eighteen miles per hour; when he reached the intersection of Constantinople Street he looked to his left and observed no vehicle approaching for a distance of at least one hundred and fifty feet; he decelerated his speed, shifted into second gear and entered the intersection; when about midway therein he noticed, for the first time, the automobile driven by defendant’s son, which was then, according to his testimony, “one hundred feet or more” in Constantinople Street, approaching at a high rate of speed, which plaintiff estimates from thirty-five to sixty miles per hour; plaintiff then accelerated his car but before he was able to clear the intersection the left front side of his truck was struck by defendant’s automobile.
It taxes both our credulity and imagination to accept plaintiff’s version of the accident, in that he observed defendant’s car “one hundred feet or more” away in Constantinople Street when the front of his car had reached the center of the intersection and that before he could clear the intersection or travel approximately IS feet, the defendant’s car had traveled 100 feet or more and collided with his truck. Plaintiff would, therefore, have .us believe that defendant’s son was operating his car at a speed in excess of 70 miles per hour for this is the speed that defendant’s car would have had to be driven to travel 100 feet in the time that was consumed by plaintiff in driving 14.6 feet moving at a speed of only 10 miles per hour. In accepting plaintiff’s estimate of his own speed and that of defendant’s vehicle we have given him the benefit of a serious doubt which we entertain with respect to these relative speeds. A mere quotation from plaintiff’s equivocal testimony by virtue of which the speed of defendant’s vehicle was evaluated will point up this fact “Well, he been driving thirty-five miles an hour, I can tell you that, the least he could be driving was sixty miles an hour.”
The record further reflects that the-accident occurred at noon in the month of August, and if plaintiff had actually exercised his sense of sight, there was nothing to prevent him from observing the approach of defendant’s car since plaintiff testified that when he reached the intersection he could see into Constantinople Street at least ISO feet. Whatever the operator of a motor vehicle can see he must see and, in legal contemplation, does see. His failure to see what he could have seen by the exercise of due diligence does not absolve him from liability.
In view of the fact that we are of the opinion that plaintiff was guilty of such negligence as precludes his recovery, we find it unnecessary to consider the plaintiff’s charges of negligence against the defendant.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of defendant dismissing plaintiff’s suit at his cost.
Reversed.