85 So.2d 87 (1955)
VIGILANT INSURANCE CO. et al.
v.
LUMBERMEN'S MUTUAL CASUALTY CO. et al.
No. 4121.
Court of Appeal of Louisiana, First Circuit.
December 30, 1955.
Rehearing Denied February 3, 1956.
Writ of Certiorari Denied March 26, 1956.
*88 Blanchard & Blanchard, Donaldsonville, for appellant.
Elton A. Darsey, Houma, for appellee.
ELLIS, Judge.
The basis of this law suit is a collision which occurred between two trucks both of which were being driven in a northerly direction on Highway 29 near Belle Rose, Louisiana, running north and south, which Highway at the scene of the accident is practically straight for a distance of some one-half mile. The lead truck was owned by the plaintiff, Edward M. Carmouche, and was being driven by his agent, Alcide Acosta. The following truck was owned and being driven by the defendant, O. C. Banzhoff. The plaintiff and his insurer brought suit for damages to the plaintiff's truck against the defendant and his insurer. The defendants answered, denying any negligence, reconvening for damages to the defendant's truck and plead, in the alternative, contributory negligence.
The trial court dismissed plaintiffs suit as well as the reconventional demand of the defendants. The plaintiffs appealed and the defendants have answered the appeal, seeking enforcement of the reconventional demand.
The collision occurred when plaintiff's truck, the lead truck, made a left turn to enter a private driveway, and the defendant, in an attempt to pass to its left, struck the front of this truck. The acts of negligence the plaintiff alleged the defendant driver to have been guilty of were an excessive rate of speed, failure to observe the signals given by the leading truck, failure to keep a proper look-out and attempting to pass a vehicle without making sure the way was clear. The defendant, in his reconventional demand, attributed certain acts of negligence on the part of the driver of the lead, or plaintiff's truck. These are in not keeping a proper lookout, failure to heed signals of the defendant of his intention to pass, attempting to make a left hand turn without proper signal, failure to remain in the right lane of traffic while the defendant was attempting to pass, and failure to see the defendant's truck.
As to the accident itself, the plaintiffs submitted two witnesses. One was the driver of the lead truck who testified he gave a signal that he intended to execute a left hand turn and go into the private driveway about 150 feet before reaching the driveway. He also testified the defendant did not give any signal of his intention to pass, and that his vehicle was completely *89 over the center line when the truck was struck. This witness admitted that he never saw the defendant's truck approaching although he looked into his rear view mirror. When asked to explain why he could not see the following truck he stated that he could not see very far in the rear mirror, that he looked into it about 150 feet before he tried to negotiate his left hand turn, but did not continue to look into the mirror when he signalled for the turn.
The other witness for the plaintiffs was an eye witness, one Ernest LeBlanc, who was standing in his front yard, and in a position to see the accident. He testified that the driver of the lead truck gave a signal of his intention to turn to his left when he was in his right lane of traffic approximately 25 to 40 feet from the driveway into which he was going to turn.
The driver of the following truck testified that he had been following the lead truck for about two miles at a speed of approximately 30 miles an hour, when he decided to pass it; that he pulled over on his left side of the road, blew his horn, increased his speed and attempted to pass; that when his truck reached the back end of the lead truck its driver began to turn left and gave a signal at the same time; that he pulled further to his left but hit the lead truck near its cab and then hit, on its front bumper, another truck which was parked about one and one-half feet off the highway upon its shoulder; that his truck stopped about half way into the driveway where the lead truck intended to turn.
It has too often been held by our courts to warrant the citation of authorities, that to negotiate a left-hand turn is the most dangerous maneuver upon the highway. The driver of the lead truck in giving his signal to turn left only some 25 to 40 feet before reaching the driveway, and in turning without seeing that his way was clear, constituted negligence upon his part. He was charged with the duty to ascertain the way was clear before he began to make his turn. He did not do this, but looked into his mirror once and proceeded with his maneuver. By his own admission he never saw the following truck nor did he turn to look in an attempt to see if the way was clear. "That which an operator of a motor vehicle can see he must see, and in legal contemplation, he does see, and his failure to see what he could have seen by the exercise of due diligence does not absolve him from responsibility therefor." Bergeron v. Roberson, La.App., 63 So.2d 20. Also Scheib v. Ledet, La.App., 57 So.2d 814.
In a similar case, Messina v. Audubon Ins. Co., Inc., 67 So.2d 143, this Court held that where a truck driver, if he signalled at all, did not do so until he was ready to commence a left-hand turn into a private driveway, and the driver of the following automobile, traveling at a rate of speed from 50 to 55 miles per hour, when the highway was dry and paved, during day-light, and the following driver immediately applied his brakes and pulled to his left, the driver of the truck was negligent and his negligence was the proximate cause of a collision and the following driver was not at fault. The theory of this last case is that, even though a left hand signal was given it was not made soon enough, and the forward driver was negligent in failing to exercise the precautions for making such a turn with which such a person is charged.
There is nothing in the evidence to show the defendant Banzhoff was guilty of any negligence which contributed to the accident. From all of the testimony, he was operating his truck in a safe and prudent manner and within the legal speed limit. The highway was straight where he attempted to pass the lead truck. After the collision the lead truck had all four wheels on the pavement and the photographs and evidence show the lead truck was struck near its cab. This proves the first truck had not entered the driveway but that it had crossed over to the left hand lane in the face of the on-coming following truck, which came to rest about half way into the driveway. The facts seem quite similar to those in the Messina case, supra, *90 and we conclude the proximate cause of the collision was the negligence of the driver of the lead truck.
Accordingly, the judgment of the lower court is affirmed insofar as it dismisses the plaintiffs demand, but amended by allowing the reconventional demand of the defendant, Banzhoff, and judgment is hereby rendered in favor of O. C. Banzhoff, and against Edward M. Carmouche, in the full sum of $66.50 with legal interest thereon from date of judicial demand, until paid and for all costs.
Affirmed in part and reversed in part.