JANVIER, Judge.
This action ex delicto results from a collision between two motor vehicles which took place at what is referred to as the “T” intersection of Marconi Drive and Navarre Street, in New Orleans, at about 6:30 o’clock in the evening of February 8, 1954. Marconi Drive is a rather broad thoroughfare on which traffic moves in both directions. Navarre Street joins Marconi Drive at a right angle on one side but does not continue on the other side. There are no traffic control signals or signs at that intersection on either roadway.
Charles W. Berg was operating his 1953 Buick Convertible automobile on Marconi Drive in a southerly direction and Dominico Massa was driving his lj4 ton Stake Body truck in the opposite direction. As Massa reached the intersection of Navarre Street he turned his truck to its left as he desired to enter that street and to proceed in a westerly direction. As his truck was making the turn to the west across the other side of Marconi Drive, it was struck on the *15 right side by the Berg car with the result that Berg sustained physical injuries and his Buick automobile was severely damaged.
Berg had obtained from American Manufacturers Mutual Insurance Company a policy of collision insurance containing what is known as a $100 deductible clause. Under this policy the insurance company had agreed that should Berg’s car be damaged in collision, it would pay all but $100 of the cost of making the necessary repairs. Massa had secured from Traders & General Insurance Company a policy of liability insurance under which that company agreed to pay such amounts as Massa might become liable for as the result of the negligent operation of his truck.
The cost of repairing the Berg car amounted to $1,055.95 and of this American Manufacturers Mutual Insurance Company paid $955.55, securing from Berg a written subrogation to all rights which he might have against Massa or Massa’s insurer, Traders & General Insurance Company.
American Manufacturers Mutual Insurance Company then brought this suit against Massa and against Traders & General Insurance Company alleging that the accident had resulted solely from negligence on the part of Massa and praying for solidary judgment against both defendants in the sum of $955.95. Berg did not join in the suit as a party plaintiff.
Massa and Traders & General Insurance Company answered, admitting that Massa had owned the truck in question and that the said insurance company had issued to him a policy of liability insurance and admitting the occurrence of the accident, but denying that Massa had been in any way negligent and averring that Berg had been entirely at fault and averring, in the alternative that it should appear that Massa had been in any way at fault, that the contributory negligence of Berg was the proximate cause of the collision.
There was judgment as prayed for against Massa and Traders & General Insurance Company in the sum of $955.95 and both defendants have appealed suspensively.
The only eyewitnesses were the drivers of the two vehicles, Berg and Massa.
Counsel for Massa, in oral argument, frankly stated that there could be no doubt as to the negligence of Massa in turning to his left across the path of the oncoming Buick but he argues that the collision could easily have been averted by Berg had he been on the alert and that he should have noticed the truck and seen that it was turning across his path.
Each driver says that the lights on the other vehicle were not burning, though it is quite evident that Massa was not so certain about this as'was Berg. In fact, it almost required prompting of Massa to say that the lights on the Berg, car were not burning, whereas Berg was very positive and reiterated his statements that the lights on the Massa car were not burning. He said: “It was dark * * * . There were no lights on the truck, * * *And he also said that the lights on his Buick were burning even after the collision; that the police “used my headlights to write up the report * * * the policeman had to turn my lights off.”
Counsel for defendants refers to several statements by Berg to the effect that he “looked up” and “saw the truck in front of him” and counsel says that if Berg.“looked up” just as the truck crossed his path he must not have been looking up as Berg made the turn. Berg did use these words on several occasions but says that as the truck was proceeding along the other side of the roadway he paid no attention to it, possibly didn’t even notice it until it made the sudden turn to its left across his path. He says:
“ * * * I didn’t see any lights— and he darted across very fast in front of me. I didn’t see him but at that split second * * *
On behalf of defendants it is argued that the speed of the Berg car must have been *16 grossly- excessive since the damage to its front end was so great that the repair bill amounted to more than $1,000. Berg himself says that his speed was about 30 miles an hour, and ther:e is nothing which would justify the conclusion that his speed was greater. Even if it was slightly higher than 30 miles per hour that slight excess could not be considered as a contributing cause of the accident. He was’approaching the intersection with his headlights burning and when Massa suddenly turned across in front of him, there was nothing that he could have done even had his speed been a little slower than it actually was.
In Michelli v. Rheem Mfg. Co., La.App., 34 So.2d 264, 270, we said:
, * We believe, however, that the speed of the Michelli car was not a, contributing cause of the accident, . as the collision could well have happened if it had been going 25 miles an . hour, just the same as it.was going 50 to 60 miles an hour.”
Counsel for defendants cite several cases in which collisions ' occurred between vehicles crossing neutral grounds and other vehicles driving on roadways alongside those neutral grounds. For instance, in Scheib v. Ledet, La.App., 57 So.2d 814, one of the vehicles was crossing St. Charles Avenue at Valmont Street and the other was going up St. Charles Avenue. We held that the operator of the car going up the avenue should have seen that the car crossing was about to enter the roadway.
The situation here was quite different’. Here the offending vehicle was not crossing but turned suddenly to its left. Furthermore, in the Scheib case the accident occurred in broad daylight and each driver ■ could easily have seen the other car. Here the accident occurred at night and the offending, .-.car ,was being. operated without lights. ,
We think that the record justifies this last conclusion, but even if the lights on the truck were burning, we still ,feel that the cause of the accident was the sudden turning of the truck across the roadway in front of the Berg car.
The record convinces us that the finding of the District Court was correct.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.