GLADNEY, Judge.
This is an action by Huey P. Lofton and his automobile liability insurer, against the defendant Ozzie M. Coleman, Sr., for the recovery of property damages sustained by the automobile of Lofton on December 12, 1953. After trial on the merits there was judgment rejecting the demands of plaintiffs, hence this appeal.
After dark on the above date Lofton was driving his automobile north on Louisiana Highway No. 15 about one-half mile north of the corporate limits of Gilbert, Louisiana, when he collided with an automobile owned and operated by the defendant, whose car at the time, was likewise traveling north and was engaged in executing a left turn into a private road which led to Coleman’s house.
Charges and counter charges of negligence were made by both parties. In the main, plaintiff charges that Coleman was at fault in failing to keep a proper lookout, in not signalling for a left turn, and in failing to accord the right-of-way. The principal charges of negligence alleged by Coleman are that Lofton was traveling at an excessive rate of speed, and not maintaining a proper lookout and observance of traffic on the highway. Defendant also specially pleads contributory negligence by Lofton, based upon excessive speed and improper observance of the road ahead.
The highway at the site of the accident is surfaced with concrete, having a width *385 of eighteen feet and is level and straight. On the night in question it was dry and clear. Coleman testified that as he neared-his home located on the west side of said highway while traveling at a speed of from thirty to thirty-five miles per hour he prepared to make a left turn into his driveway; that he observed a truck belonging to an unidentified party following at a distance of seventy-five feet or more, and in' expectation of making a left turn into his driveway, extended his left hand to indicate he would turn left, whereupon he obsérved that the following truck which was also moving at a very moderate speed, slowed in response to his signal. Coleman related also that in observing the highway to his rear and the following truck react to his signal, he did not see the Lof-ton vehicle which, at the time, apparently was behind the truck. He further testified that after determining it was safe to make the left turn, he directed his attention to the road ahead and proceeded a distance of approximately seventy-five feet farther before executing the turn and without looking to the rear.
Lofton testified he came up behind the truck at a speed of from fifty to fifty-five miles per hour, sounded his horn, pulled out into the left lane of traffic and proceeded to pass the truck. It was at that time, he says, that he observed Coleman’s automobile in the process of negotiating a left turn and applied his brakes, which caused his car to skid from fifty to sixty feet to the point of impact. Lofton’s car skidded into the left rear of the Coleman car which lacked only about two feet of being completely off the concrete portion of. the highway.
The trial court in reaching the conclusion that defendants’ alternative plea of contributory negligence should be sustained, had this to say:
“It is the conclusion of this Court that, even though it be admitted that, defendant was negligent in making a left hand turn into the private driveway leading to his home without first ascertaining that said maneuver could be safely ¡made, plaintiff, Huey P. Lofton, must be held guilty of contributory negligence of such nature as to bar recovery herein by passing the truck following defendant’s automobile as de-' fendant was about to engage in, as indicated by proper signals, or was actually engaged in the execution of a left hand turn, particularly at the speed indicated from the skid marks made by the automobile of plaintiff, "Huey P. Lofton, the. force of the impact of said automobile with defendant’s automobile and the position of the said automobile of plaintiff, Huey P. Lofton, immediately after the accident,. which speed is considered by this Court to have been excessive under the circumstances. Further, it is rather obvious to this Court that the plaintiff, Huey P. Lofton, was not keeping a proper lookout, because he should have áscertained that the maneuver of passing the truck which was following defendant’s automobile could be executed safely; he apparently did not see defendant’s signals indicating his intention to turn left, nor did he see defendant actually engaged in the execution of a left hand turn until it was too late. In this connection see: Burgess v. Blackwell [9] La.App. [729], 120 So. 231; Burns v. Evans Cooperage Co., Inc., La.App., 17 So.2d 743; Burns v. Evans Cooperage Co., Inc., 208 La. 406, 23 So.2d 165; Furr v. Ash, La.App., 43 So.2d 41.”
Counsel for appellant stress in their brief that the trial judge in reaching the foregoing conclusion failed to take into account defendant’s testimony that he traveled some seventy-five feet down the highway immediately prior to executing his left turn maneuver without making further observance to the rear. As pointed out clearly in his decision, the judge a qüo conceded the negligence of Coleman but concluded Lofton was guilty of contributory negligence. Obviously, unless the facts indicate that Lofton was free from fault" *386 constituting a proximate cause of the accident, he is not entitled to recover.
Appellants have cited the following cases to support their contention of entitlement to recovery: Callia v. Rambin, La.App.1955, 78 So.2d 44, 46; Nichols v. Everist, La.App.1955, 80 So.2d 199; Vigilant Insurance Company v. Lumbermen’s Mutual Casualty Company, La.App.1955, 85 So.2d 87; Zehner v. Anders, La.App.1955, 85 So.2d 90; Aetna Casualty & Surety Company v. Crow, La.App.1956, 86 So.2d 212. An examination of these authorities impressed us they are not favorable to appellants’ cause. Thus in Callia v. Rambin the driver and- her husband sought damages when the vehicle in which they were riding was struck by an overtaking truck while plaintiff was engaged in making a left turn. The truck driver reconvened for damages to his truck. This court held that the overtaking motorist who failed to observe that the preceding motorist was either stopping or turning and who did not sound his horn to give warning of his anticipated passing, was guilty of negligence and was not entitled to recovery for damages sustained in the collision.
Nichols v. Everist is another case in which neither motorist was permitted to recover, the following motorist in that case being found guilty of negligence in not giving a warning signal to the preceding driver by sounding his horn. The case of Vigilant Insurance Company v. Lumbermen’s Mutual Casualty Company is in-apposite. There, the following motorist was engaged in a proper passing maneuver when the driver of the lead vehicle attempted a left turn without giving the required signal until he was within twenty-five to forty feet of the- intersecting private road. In the instant case it appears that Coleman gave a signal approximately one hundred fifty feet prior to executing his turn. In the cited case it was determined that the signal was not timely given and constituted the sole and proximate cause of the accident. In Zehner v. Anders the driver of the lead vehicle was found guilty of negligence constituting the proximate cause of the accident when the vehicle was first driven to the right shoulder and then turned left to cross the highway, and when on the center line was struck by plaintiff’s automobile approaching from the rear. The maneuver therein, was, of course, unsafe and .was deceiving to the driver of the following vehicle. The' facts justified the conclusion reached.
The evidence in the instant case, we think, clearly shows Lofton in attempting to pass the two vehicles which were being slowed in front of him as if to stop or make some maneuver, was negligent in not bringing his vehicle under such control it could be promptly stopped in the event of an emergency. Instead of doing this he maintained a speed of fifty miles per hour. He was also guilty of negligence in not maintaining a strict observance of both lead vehicles during the passing. The record amply proves Coleman gave the proper signal for a left hand turn when he was one hundred fifty feet or more from the driveway which he desired to enter. It is also conclusively shown that when struck Coleman’s car had almost completed its turning maneuver and occupied only about two feet of the highway.
For the aforementioned reasons we approve of the findings of the trial judge and affirm the judgment from which appealed, at appellants’ cost.