JIM W. RICHARDSON, Judge ad hoc.
This is an appeal from a decree of the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, in which a judgment was granted in favor of the plaintiff, Eleanore R. Suhre, wife of John A. LaCombe, and against the defendants, National Union Indemnity Company of Penn., Travelers Insurance Company, and Fred G. Klein, jointly, severally and in solido in the full sum of $10,000.00 and in favor of the plaintiff, William R. Suhre, against the same defendants jointly, severally and in solido in the full sum of $235.00 for medical expenses expended on behalf of the plaintiff, Eleanore R. Suhre, wife of John A. LaCombe, together with legal interest from judicial demand and further granting a judgment in favor of Eleanore Rita Suhre and against the same defendants *115 for expert fees, the defendants also being cast for costs.
In his reasons for judgment, the Trial Judge found that:
“Eleanore R. Suhre at the time of the filing of this suit was a minor later emancipated by her marriage to John A. LaCombe. All medical expenses paid on behalf of the plaintiff were paid by William R. Suhre, her father.
“Evidence shows that the plaintiff, Eleanore Rita Suhre, suffered a brain concussion with resulting permanent brain damage as a result of the accident, in which she was a guest passenger. Permanent brain damage resulted and was manifested by a clinical diagnosis made on May 2, 1960, almost three years after the accident. Definite signs of brain damage was also indicated and found on October 15, 1958 in an electroencephalogram. Dr. Colcough found on May 2, 1960 that the plaintiff still had definite evidence of cortical damage to the brain. The evidence further shows that there is conclusive proof that the plaintiff, Eleanore Rita Suhre,. suffered a long linear fracture involving the right occipital region and a fracture of the right frontal bone. There was further expert testimony that the plaintiff suffered a complete loss of smell and taste which was not yet fully recovered at the time of trial.
“There is no doubt in the Court’s opinion that the plaintiff did not suffer any headaches prior to the accident and that the plaintiff’s irritability, nervousness and continued headaches were a direct result of the injuries suffered in .the accident.
“The Court herein finds that the plaintiff should be compensated for concussion of the brain, resulting in permanent brain damage, two skull fractures, impaired functions of taste and smell, contusions and bruises, and for pain and suffering as a result of these injuries.”
There appears to be no serious dispute as to the actual facts pertaining to the automobile collision resulting in the injuries to the plaintiff which occurred on October 27, 1957 at about 5:30 p. m. on Causeway Boulevard in Jefferson Parish. Causeway Boulevard is a four lane highway running generally North and South from the River Road in Jefferson Parish to the Greater New Orleans Expressway Bridge over Lake Pontchartrain. Causeway Boulevard has a service road on each side of the Boulevard. It is separated from the Boulevard by a ditch and the North and South lanes are separated by neutral grounds. 46 and 47th Streets intersect the Boulevard at right angles. The plaintiff was traveling West on 47th Street as guest passenger in automobile of Victor Michel, operated by his daughter, Diane Michel, who turned into the service road on the East side of Causeway Boulevard and traveled to 46th Street and turned into the Causeway Crossing, stopped for a stop sign and observed the traffic on the Causeway Boulevard. A car traveling North on the Causeway Boulevard had stopped at the intersection with the signal lights on indicating a right turn into 46th Street. This car signalled the car driven by Diane Michel and owned by Victor Michel, her father, in which the plaintiff was a guest passenger, to proceed on across Causeway Boulevard apparently for the purpose of enabling the stopped car traveling North to turn in 46th Street. There was also a second car behind the stopped car and the defendant Klein’s car was the third car stopped behind. The Michel car proceeded on across the Causeway Boulevard. The Klein car pulled out from behind the second car into the left Northbound lane of traffic and in the course of these maneuvers, ran into the side of the Michel car which had preempted the intersection insofar as Klein was concerned, resulting in the injury to the plaintiff.
*116 The Trial Judge was evidently satisfied that the proximate cause of the accident was the negligence of Mr. Klein and that the operator of the Michel car was con-tributorily negligent and that both Klein and Michel, as well as their insurers, were liable in damage to the plaintiff for the injuries sustained.
In intersectional collisions, it is the duty of motorists to look ahead. This duty never ceases and if either or both fail to exercise vigilance by keeping a proper lookout, both are guilty of negligence. It is a presumption of law that a person saw a thing that he should have seen had he looked and that his failure to see what was there to be seen constitutes negligence. Scheib v. Ledet, La.App., 57 So.2d 814. Maher v. New Orleans Linen Supply Company, La.App., 41 So.2d 101.
The Appellants each insist that the fault lay with the other. The Trial Judge reached the conclusion that both drivers were at fault apparently on the theory that either could have avoided the accident. We have before us a case involving concurrent negligence of a host and a third party driver in which the guest is entitled to recover against host, the third party, or either of them as we have a mutual failure to exercise reasonable care with respect to speed, degree of control and regard to road rights of others. Scheib v. Ledet, La.App., 57 So.2d 814. Smythe v. Great American Indemnity Company, La.App., 35 So.2d 267.
.We are unable to find any manifest error in the finding of facts by the Trial Judge as to how the accident happened, the resultant injury, as well as negligence of the parties involved and his appraisal of the medical testimony cannot be improved upon by this Court after a reading of all the pleadings, memoranda, and other authorities cited in the argument before the Court.
The Travelers Insurance Company is the liability carrier of Fred G. Klein with a policy limit of $10,000.00 and the National Union Indemnity Company is the liability carrier for Victor Michel and his daughter, Diane Michel, under its omnibus clause, with a policy limit of $5,000.00. These insurance companies, as the insurers, can only be held responsible to the limit provided for in the policy.
The amount of the award of damages in the amount of $10,000.00 to Elea-nore Rita Suhre appears to be excessive and should be reduced to $7,500.00.
The judgment is therefore amended to decree a judgment in favor of the plaintiff, Eleanore Rita Suhre, wife of John A. LaCombe, and against the defendants, National Union Indemnity Company of Penn., Travelers Insurance Company, and Fred G. Klein, jointly, severally and in solido in the full sum of $7,500.00, National Union Indemnity Company of Penn, in no event to be held for more than the provisions of its policy limit, otherwise the judgment is affirmed to include costs and expert fees to all plaintiffs and the sum of $235.00 medical expenses expended on behalf of the plaintiff by her father, William R. Suhre, as set forth in the judgment of the District Court.
Amended and affirmed.