152 So.2d 558

William R. SUHRE, Individually and as Administrator of the Estate of the Minor, Eleanore Rita Suhre,

v.

NATIONAL UNION INDEMNITY COMPANY OF PENNSYLVANIA, the Travelers Insurance Company and Fred G. Klein.

No. 46425.

April 29, 1963.

Deutsch, Kerrigan & Stiles, Ralph L. Kaskell, Jr., John F. Tooley, Jr., New Orleans, for defendant and relator.

John V. Baus, of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants-appellants.

FOURNET, Chief Justice.

William R. Suhre instituted this suit on behalf of his minor daughter, Eleanore Rita Suhre [1] to recover damages for injuries she sustained as a result of an automobile collision on Causeway Boulevard in the Parish of Jefferson, between a Plymouth station wagon operated by Diane Michel in which his daughter was a guest passenger and an Oldsmobile owned and operated by Fred G. Klein, and individually for medical expenses incurred by him on behalf of his daughter, against Klein and his collision insurer, The Travelers Insurance Company, and the insurer of the Michel vehicle, National Union Indemnity Company of Pennsylvania, hereinafter referred to as National Union, seeking judgment against the defendants in solido. The case is now before us on a writ of certiorari granted on the application of National Union [2] to review the judgment of the Court of Appeal, Fourth Circuit, reducing the award of the trial court in favor of Eleanore Suhre La-Combe from $10,000 to $7,500 and further, limiting the liability of National Union to $5,000 (the maximum coverage provided by its policy), and in all other respects affirm-

ing the judgment. See, La.App., 145 So.2d 114.

The writ was granted primarily on the showing that the judgment was rendered against the insurer of the station wagon on the basis that its driver, Miss Michel, was guilty of contributory negligence despite the court's conclusion that she " * * * had preempted the intersection insofar as Klein was concerned. * * *"

The record discloses that the accident occurred on October 27, 1957, about 5:30 p. m. Miss Michel, who was operating her father's station wagon, testified she had turned from 47th Street into the service road on the east side of Causeway Boulevard and traveled to 46th Street where she turned right to cross the Boulevard, stopped for a stop sign and remained there for a considerable period of time until the northbound through traffic had cleared the intersection. In the meantime a car approaching from the left in the right lane came to a stop; its driver indicated her intention to turn into 46th Street by using the automatic turn indicator, and motioned Miss Michel to proceed. A second automobile traveling in the same lane stopped behind that car. Miss Michel then noticed Klein's automobile approaching in the right lane, approximately a city block or 300 feet away, and believing it to be safe to make the crossing, began to do

---

1. Before the time of trial, Miss Suhre was emancipated by marriage and was named a party plaintiff.

2. Applications for writs perfected by Klein and his insurer were denied.

so at a speed of approximately eight miles per hour; about the time she had negotiated the right lane and was slowing to enter the the neutral ground roadway, she observed the Klein car about forty feet distant, moving from the right lane, angling to the left lane without changing his rate of speed, running into and striking her car when she was almost across the left lane with the front of her vehicle even with the neutral ground, causing the two guest passengers to be thrown therefrom and the Michel car to skid or slide sideways a distance of ten or fifteen feet, then backward, coming to rest on the edge of the northbound roadway.

Klein, when requested to give his version of the accident, started by saying, "Well, as near as I can tell you and be truthful about it * * *", then testified in effect that he was proceeding north on Causeway Boulevard at about forty miles per hour in the traffic lane immediately parallel to and bordering the neutral ground when he was suddenly confronted with the Michel car crossing the Boulevard. He claims that he was about fifteen feet away at the time and had reduced his speed by the prompt application of his brakes to fifteen miles per hour at the time of the impact; and, although admitting he saw a car [3] in the right lane signalling to turn into 46th Street, assigned as the reason for not seeing the Michel car

or decreasing his speed before was the presence of an unidentified automobile, which he referred to as the "fast car," that was on his immediate right between him and the stopped car, traveling in the center lane of traffic at "fifty or better" miles per hour, which he claims miraculously averted a collision ahead of him.

A mere reading of Klein's testimony will readily disclose it is worthy of little credence. In the first place, his testimony is totally unsupported by any other evidence; besides being contradictory in many respects, it is in material aspects at variance with the physical facts. His story about the "fast car" which proceeded through the non-existent center lane of the roadway is so fantastic that it was not even mentioned in brief by counsel for his insurer, The Travelers Insurance Company. It was obviously a fabrication devised to extricate himself from failing to see the Michel car until he was fifteen feet away as he testified. His testimony when properly analyzed simply establishes the fact that he had been traveling as Miss Michel, whose testimony in all material aspects was fully corroborated by the guest passengers, testified, at a comparatively rapid rate of speed up until he left his lane of travel angling to his left and into the lane bordering the neutral

3. The three young ladies testified there were two stopped cars in this lane waiting to turn into 46th Street, whereas

Klein claimed the second car or "fast car" did not stop as will be explained in the opinion.

ground without maintaining a proper look-out.

We are in full accord with the law and jurisprudence [4] relied on by counsel for The Travelers Insurance Company, which is to the effect that a motorist on the right of way street, with knowledge of the location of a stop sign, has a right to assume that any driver approaching the intersection of the less favored street will observe the law and bring his car to a complete stop before entering the intersection, and such motorist can indulge in this assumption until he sees, *or should see*, that the other car has not observed, or is not going to observe, the law.

Miss Michel fully complied with this rule of law as she entered the intersection after she had stopped the station wagon as the law required and remained so stopped until the northbound through traffic had cleared the intersection; there remained only two cars stopped in the right lane of traffic indicating an intention to turn right

into 46th Street, followed by the Klein car in the same lane some 300 feet away, which we think was at such a distance from the intersection as would suggest to the mind of any reasonably prudent person that the crossing of the Boulevard could be safely made under the circumstances.

We therefore conclude that Miss Michel was free from any negligence and that the sole and proximate cause of the accident was the negligence of Klein who was driving in total disregard of the situation facing him.

For the reasons assigned, the judgment of the Court of Appeal insofar as it affirmed the judgment of the district court decreeing National Union Indemnity Company of Pennsylvania liable, is set aside and as to it, the plaintiffs' suit is dismissed.

HAMITER, J., dissents being of the opinion that the judgment of the Court of Appeal is correct.

SUMMERS, J., absent.

---

4. Koob v. Cooperative Cab Co., 213 La. 903, 35 So.2d 849; Henderson v. Central Mutual Insurance Company, 238 La. 250, 115 So.2d 339.