This is a suit brought to recover the sum of $167.79 for damages to plaintiff's automobile. It is shown by the testimony that the automobile was covered by insurance and that plaintiff was paid the amount of his damages less the sum of $50 under the deductible clause of the policy. The suit in effect therefore is one brought on behalf of his insurer under a subrogation clause of the policy for the amount which it had to pay him for his damages and of course if he should ultimately recover judgment he would recover $50 in his own behalf. He is suing the Employers Liability Assurance Corporation, Ltd., as the public liability insurer of the other automobile involved in the accident. That automobile belonged to one Peter Thompson and was being driven at the time of the accident by Mrs. Thompson.
Both cars were proceeding in a northerly direction on the highway leading from New Orleans through Slidell on to Covington. Mrs. Thompson was driving the forward car and travelling at a rate of speed which is pretty well fixed at 18 to 20 miles per hour. In her car with her at the time was her mother, Mrs. Allie Mae Drake, and an infant child. Mrs. Drake and the baby were seated on the rear seat of the automobile. Plaintiff was driving his car at a rate of speed which the testimony discloses to have been about 40 miles per hour. The accident took place at about 11:30 in the morning of April, 1940. Neither car therefore can be said to have been going at a fast or excessive rate of speed.
After reaching the "Y" that is formed at the intersection of the highway between Slidell and Covington known as Highway 190 with the highway leading from that point to Madisonville and known as Highway No. 122, plaintiff started to pass ahead of the other car and just as he attempted to do so Mrs. Thompson turned her car slightly to her left as she intended to make a complete turn in the highway at that point and retrace her course back south on Highway No. 190. Plaintiff was unable to pass ahead of her and she also attempted to pull back to her right in order to avoid being struck, all of which was unavailable, and the result was that the plaintiff's car struck her car a glancing blow on the left front end and his car was damaged to the extent and for the amount claimed by him and which incidentally is not disputed. *West Page 68 
Plaintiff charges Mrs. Thompson with negligence in turning her automobile to the left without first looking to see if the roadway behind her was free of traffic; in doing so at a time when it was not safe for her to attempt a left-hand turn as his automobile was so close to her that a collision was inevitable; in failing to give the proper signal or warning of her intention to make a left-hand turn and in attempting to turn into the intersecting road at the wrong end of the fork of that road.
For answer to the petition of the plaintiff, the insurer of the Thompson car and the sole defendant, denies all of the charges of negligence made against Mrs. Thompson and places the blame on plaintiff himself because of his careless driving at an excessive rate of speed and in attempting to pass the Thompson car without first ascertaining whether or not the driver was aware of his intention to pass. Defendant alleges that such negligence on the part of the plaintiff was the sole and proximate cause of the accident. In the alternative the defendant pleads that even though Mrs. Thompson was negligent in any manner that plaintiff was guilty of contributory negligence for the reasons just set out.
In the lower court there was judgment in favor of the defendant dismissing the plaintiff's suit. The trial court in its reasons for judgment held that Mrs. Thompson was guilty of negligence in two respects: (1) That she failed to give the proper signal prescribed by the State Regulatory Highway Act of her intention to make a left-hand turn and (2) in failing under a further provision of that Statute to have ascertained that there was no vehicle or traffic approaching from either direction before she attempted to make the turn. He held however that plaintiff was guilty of contributory negligence in failing to have given a proper signal or warning, by sounding the horn of his car, of his intention to pass the Thompson car, and that negligence of course stood as a bar to his recovery of any damages whatsoever.
The facts in the case are not very much disputed and we have no difficulty whatever in agreeing with the trial judge that Mrs. Thompson was guilty of negligence in the two respects pointed out by him. We however find reason to disagree with him on the question of the contributory negligence of the plaintiff.
At the formation of the "Y" where the accident occurred it seems but natural that all traffic coming from Mandeville and travelling north, and intending to turn into the Madisonville Highway, would turn into the "Y" at the south end of the fork and traffic headed in the other direction, or going south intending to turn into that highway, would enter at the north end of the fork. That being the natural procedure, as it would seem, drivers of automobiles following such traffic going in either of these directions would have a right to expect and assume that that is what the car intending to turn into the highway would do. It is not disputed that Mrs. Thompson had already passed the south end of the fork connecting the two highways and started to make her left-hand turn when she had reached the north end and that is where she intended to turn right around in the highway and go back south to a point well beyond the south fork. There is some testimony, not contradicted, that she either met or saw some people in another car and there seems to have been some exchange of signal between them which was what made her decide to turn around in the highway.
The plea of contributory negligence is based on plaintiff's alleged violation of two provisions of the State Highway Regulatory Law, Act 286 of 1938. Those are the provisions relating to the passing of a vehicle by another at a highway intersection, Section 3, subsection e of rule 7 under title 2 of the act, and to the overtaking of a vehicle by another without the overtaking car giving sufficient signal or warning of its intention to do so. Subsection b of the same rule.
Under the view we take of the formation of the highway at a point where this accident occurred, the intersection of the highway on which the cars were travelling with the highway leading to Madisonville, considering that both cars were going north, was at the south end of the fork. The normal thing, as we have pointed out before, for the driver of a car going north on Highway No. 190 and intending to go to Madisonville would be to turn left at that end of the fork and proceed on Highway No. 122. To all intents and purposes so far as these two cars were concerned, after they had gone beyond the south end of the fork, they had passed the intersection and plaintiff had the right to assume *West Page 69 
that Mrs. Thompson was not going to make a left-hand turn and he was then at liberty to pass ahead of her. There was therefore no violation of the provision of the Statute in that respect.
With regard to his failure to blow the horn of his car, in view of the situation which presented itself, the question that is suggested is whether the sounding of the horn was necessary and also whether it would have served to avoid the accident. Mrs. Thompson's car was, up to the moment of her sudden attempted turn, on its right-hand side of the road, leaving plaintiff the usual necessary space on her left to pass ahead of her. Had she given him the least idea of her intention to make the turn, or had her car obstructed the clearance of his lane of travel on the left in the least, it would then have been imperative for him to sound the horn of his car and indicate to her that he intended to overtake her. The purpose of the law in requiring the giving of an audible warning by the overtaking vehicle, as we view it, is to favor its driver to the extent that his normal progress on the highway will not be unnecessarily impeded by the driver of the car preceding him in not leaving or giving him sufficient clearance in which to pass ahead. There was nothing in the manner of Mrs. Thompson's driving up to the very moment plaintiff's car was almost on her left which indicated to him that his lane of travel would not remain open on that side for him to pass ahead. The only change she made was to slow down the speed of her car which plaintiff might well have construed as an invitation for him to pass ahead of her. By her own testimony she only turned her car a foot over the center stripe in the paved portion of the highway when plaintiff's car was about 3 feet from her front fender with which his car collided when she attempted to pull back to her right. Up to that moment there seemed to have been no necessity for him to sound the horn of his car and had he sounded it right then it would have accomplished no purpose. Under our appreciation of the facts in this case, considering the manner in which the accident occurred, plaintiff's failure to blow his horn did not contribute to it and the proximate cause, in our opinion, was the negligence of the driver of the Thompson car for which the insurer, defendant herein, must be held responsible.
For the reasons stated it is now ordered that the judgment appealed from be and the same is hereby reversed, annulled and set aside and it is further ordered that there be judgment in favor of the plaintiff, Jacques P. De La Vergne, and against the defendant, Employers Liability Assurance Corporation, Ltd., in the sum of $167.79, with legal interest from date of judicial demand, and for all costs in this proceeding.