McBRIDE, Judge.
Dr. John H. Kay brought this suit against Aloysius E. White and his liability insurer for $151.83, representing damages to his Plymouth automobile, sustained in a collision with White’s automobile on April 2, 1949, at 1:45 p. m., on Metairie Road near Severn Avenue in Jefferson Parish. White executed a right turn into Metairie Road from Severn Avenue, and had traveled about sixty feet therein when the crash ensued. Plaintiff was driving toward Severn Avenue.
White is alleged to have been negligent in making a wide sweeping turn and traveling on the wrong side of the roadway. On behalf of defendants it is contended that plaintiff’s car appeared suddenly from be *330 hind a parked truck and ran into 1;he White automobile, damaging it to the extent of $138.75, which is claimed in reconvention. Alternatively defendants plead Kay’s contributory negligence.
The matter comes before us on the appeal of plaintiff from the judgment dismissing his suit. We are not concerned with the reconventional demand, which was also dismissed, as the rcconvenor has neither appealed nor made answer to plaintiff’s appeal.
Besides the drivers of the cars, there were two other eyewitnesses. The testimony is, as usual in this type of case, contradictory and irreconcilable.
It is conceded that after the impact both automobiles rested in about the exact center of the road. Plaintiff attempted to excuse the presence of his car there by explaining that several automobiles and a large truck were parked on his right-hand side, and that it was necessary to negotiate the middle of the road for some distance to pass those parked vehicles, and that his car was struck jpst as it had about passed the front of the truck.
All eyewitnesses told of the parked truck. Dr. Kay alone made mention of parked cars behind the truck. He admitted, however, that in making a statement to a state trooper after the accident he did not relate that there were any vehicles other than the truck parked to his right.. White claims that the truck was the only parked vehicle.
Dr. Kay’s version is that after making the wide sweeping turn into Metairie Road, White traveled along the left side until just before the impact and then endeavored to move over to the other lane. Dr. Kay states that when he saw White’s car he sounded his horn, applied the brakes lightly, and attempted to swerve right, but notwithstanding, White continued onward and the impact occurred. White maintains that just as he reached the truck Dr. Kay suddenly and without warning drove from behind it into the middle of the road in front of his car, and that this ill-timed maneuver of Dr. Kay was responsible for the result. The passengers in the respective vehicles were paying little or no attention to traffic conditions, and their testimony is not at all helpful.
 The learned judge below resolved the doubt created by the conflicting evidence, and undoubtedly was of the opinion that the drivers were both guilty of negligence, hence the dismissal of their respective demands. This matter, it seems to us, is one which well comes within the time-honored doctrine that the judgment of the trial judge on a question of fact will not be disturbed unless there appears therein manifest error. Finding none,
It is ordered that the judgment appealed from be affirmed.
Affirmed.
JANVIER, J., absent.