78 So.2d 44 (1955)
Joseph CALLIA et al., Plaintiff-Appellant,
v.
Elmo RAMBIN, Defendant-Appellee.
No. 8279.
Court of Appeal of Louisiana, Second Circuit.
January 31, 1955.
*45 G. F. Thomas, Jr., Natchitoches, for appellant.
Richard B. Williams, Natchitoches, for appellee.
HARDY, Judge.
This is a suit by plaintiffs, husband and wife, for the recovery of property damages and personal injuries resulting from an automobile accident. Defendant, denying the specifications of negligence alleged by plaintiff, reconvened for damages to his automobile truck. After trial there was judgment rejecting both the demands of plaintiff and defendant, from which plaintiff has appealed, which appeal has been answered by defendant.
Sometime between 3:00 and 4:00 o'clock P.M. on the afternoon of November 2, 1953, plaintiff, Mrs. Joseph Callia, substituting for her husband, the regular driver, was driving a Chevrolet school bus south along Highway 20 between Natchitoches and Powhatan, Louisiana. Mrs. Callia had reached the southerly end of her route and was proceeding to reverse her direction. For this purpose she proposed to turn to her left, that is, in an easterly direction across the highway into a pasture roadway, from whence she intended to back out into the highway, complete her reversal of direction and proceed north in order to permit the discharge of several school children passengers. According to the allegations of plaintiff's petition and Mrs. Callia's testimony in support thereof, as she approached the point at which the turn was to be effected she observed defendant's truck approaching from the rear, some several hundred feet away, caused a red signal flag to be extended from one of the left front windows of the bus by one of the school children passengers; fixed her directional signal light signifying a left turn, and proceeded to undertake this maneuver. Defendant's truck approaching from the rear of plaintiff's school bus was engaged in passing the latter vehicle at the time Mrs. Callia began her turning movement. Defendant pulled to the left of the highway but was unable to escape contact with the bus which he struck near the left front portion thereof, inflicting the damages to the two vehicles for which the respective parties claim recovery.
The only dispute with reference to the establishment of the above facts deals with the conflict of the testimony with reference to the giving of the warning signals by Mrs. Callia and the distance separating the two vehicles. As to the extension of the red signal flag and the setting of her directional lights, the record discloses in support thereof only the testimony of Mrs. Callia, and the latter proposition is seriously disputed by defendant who contends that no warning signal of a turn was given by means of the rear directional lights of the bus. This position is, to a degree at least, supported by the testimony of a State Trooper who investigated the accident and who testified that Mrs. Callia was unable, at his request, to demonstrate the effective procedure for turning on the directional lights. As to the distance separating the two vehicles at the time of the attempted turn by the school bus, Mrs. Callia testified that she observed the defendant's truck some three to four hundred feet to her rear a short time before she began to execute the turn. Defendant testified that Mrs. Callia began the turn just as his vehicle was beginning the actual passage of the truck. Another witness testified that defendant's truck was some quarter of a mile to the rear of the bus at the time it began to turn.
We think the above noted conflicts of testimony are relatively immaterial in view of the fact that, admittedly, Mrs. Callia was completely aware of the approach of defendant's truck from the rear of the vehicle which she was driving. Under this circumstance, unquestionably Mrs. *46 Callia was guilty of negligence in attempting to make the turn without being assured that the same could be completed in safety. Under LSA-R.S. 32:235, the law governing operation of vehicles upon the highways specifically provides:
"A. The driver of any vehicle on the highways of this state shall ascertain, before turning around upon any highway, that there is no traffic, vehicular or pedestrian, approaching from either direction which will be unduly delayed and shall yield right-of-way to such approaching traffic and shall not attempt to make a turn unless the way is clear."
The above provision is reinforced by Section 236 which reads, in part, as follows:
"The driver of any vehicle upon a highway of this state, before starting, stopping or turning from a direct line shall first see that such movement can be made in safety * * *."
The making of a left turn upon a highway has frequently been denominated by the courts of this State as a dangerous operation requiring the exercise of the greatest care and caution in the performance thereof.
The giving of a signal, which fact is disputed in the instant case, is immaterial, if at the time the driver of the turning vehicle did not have the opportunity to make the turn in safety. McDonald v. Zurich General Acc. & Liability Ins. Co., La.App., 25 So.2d 923; Michelli v. Rheem Mfg. Co., La.App., 34 So.2d 264.
Even conceding that Mrs. Callia signaled her intention of making a left turn from the highway, it is clear that she was guilty of gross negligence in beginning this operation, knowing that another vehicle was following in her course.
The question of defendant's negligence, upon which rests his right to recovery on his reconventional demand, is not so clear. While it is true that defendant had no reason to expect a sudden left turn by the school bus which was preceding him along the highway, it is nonetheless true that he failed to take reasonable precautions before attempting to effect passage of the preceding vehicle. Defendant did not sound his horn to give warning of his anticipated passing. Further, while it is true, in our opinion, that plaintiffs have failed to establish the turning on of directional signal lights, we think it has been established that there was appreciable evidence of the intention of the driver of the school bus to take some action either by stopping or turning which should have put defendant on guard. His failure to observe this action, coupled with his failure to give any notice of his attempted passing, must be considered to be negligence of a character and degree which contributed to the accident and which therefore bars his recovery.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.