80 So.2d 199 (1955)
John V.NICHOLS and Maryland Casualty Company, Plaintiffs-Appellees,
v.
Bruce W. EVERIST and Manufacturers Casualty Insurance Company, Defendants-Appellants.
No. 8294.
Court of Appeal of Louisiana, Second Circuit.
April 14, 1955.
*200 Theus, Grisham, Davis & Leigh, Monroe, for appellants.
Hudson, Potts, Bernstein & Davenport, Monroe, Cameron C. Minard, Columbia, for appellees.
HARDY, Judge.
This is a suit in which plaintiff, John V. Nichols, seeks recovery of damages resulting from an automobile collision. Joined as party plaintiff is Maryland Casualty Company, compensation insurer of the Caldwell Parish Police Jury, employer of plaintiff, Nichols, which seeks recovery of the total sum of $103.84, representing payment of compensation and medical expenses for Nichols benefit. The defendants are Dr. Bruce W. Everist and his liability insurer. Defendant, Everist, reconvened for damages sustained by his automobile and for personal injuries. From a judgment in favor of plaintiffs the defendants have appealed.
The material facts in connection with the accident have been definitely established without any great amount of conflict. Plaintiff, Nichols, was driving a Chevrolet pick-up truck south on U. S. Highway 165 about the hour of 10:30 A.M. on January 20, 1954, and was being followed by the defendant, Everist, driving his Buick automobile in the same direction, plaintiff testified that he first observed the Everist car when it was at a distance of some 300 feet to the rear of his truck and again when it was at a distance of approximately 175 feet. These observations were made by Nichols at a time when he was preparing to make a left-hand turn across Highway 165 to the east, for the purpose of entering a private driveway leading to a tavern named and known as Club Forest located some two miles south of the town of Grayson in Caldwell Parish. According to plaintiff's testimony, which was supported by another witness, he was driving at a speed of some 30 to 35 miles per hour, and he estimated the speed of the following Everist automobile as being about twice his own rate of speed. Further, according to the testimony of plaintiff and his witness, one McMillin, who was seated in his truck in front of Club Forest, he gave the required signal for a left turn by extending his left arm horizontally from the window of the truck cab when he was still at a distance of several hundred feet from the driveway and kept his arm in such position until he actually began to make the turn, which was being accomplished by an angling turn of approximately 45 degrees across the highway toward the driveway intersection. Plaintiff's vehicle was struck by Everist's car on its *201 left side, toward the rear, as the front of the truck entered the driveway intersection. This impact caused the damage to the truck and minor physical injuries to plaintiff for which recovery is here sought.
According to the testimony of the defendant, Everist, he was driving south on Highway 165 following the Nichols' truck at a speed of approximately 60 miles per hour and the collision occurred when he attempted to pass the truck just as Nichols made his turn to the east. Admittedly Dr. Everist did not sound his horn, and he further testified that he did not at any time observe Nichols' signal for a left turn.
Plaintiff's petition specified the following charges of negligence as against the defendant, Everist:
"a. Failure to keep a proper lookout and observe other vehicles on said highway.
"b. Failure to observe or failure to heed the turning signal given by plaintiff, John V. Nichols, by the extension of his left hand.
"c. Attempting to pass a vehicle at a road intersection.
"d. Attempting to overtake and pass another vehicle without making certain that the way for passing was clear.
"e. Failure to sound his horn to indicate to the vehicle ahead that he was going to pass.
"f. Driving at a fast and reckless speed in attempting to overtake and pass a much slower moving vehicle."
Of the above charges the specifications set forth in (c), (d) and (f) can be eliminated inasmuch as the so-called road intersection was simply the entrance to a private driveway and not a highway intersection as contemplated by the provisions of subsection E of LSA-R.S. 32:233; the evidence conclusively indicates that there was no approaching traffic and therefore there was no obstruction to the passing operation and, finally, there is nothing in the record which indicates that the speed of the Everist automobile was excessive or reckless under the circumstances.
However, it is equally well established that the defendant, Everist, was guilty of negligence both in failing to keep a proper lookout and in failing to sound his horn, indicating his intention to pass the Nichols' truck.
There are some confusing factors in the testimony of the drivers involved and the witness, McMillin, with respect to distances, which, however, we do not deem to be of sufficient weight or importance to necessitate discussion. We think the actual facts and circumstances were established with a certainty sufficient to present a clear picture of the accident, which we accordingly narrate. Nichols, driving his truck south at a speed of 30 to 35 miles per hour, having in mind the intention of executing a left-hand turn into the private driveway of Club Forest, was fully aware of the Everist automobile approaching from the rear at a speed of not less than 60 miles per hour and had observed the said vehicle on two occasions at distances of approximately 300 and 175 feet. There could have been no possible room for question in Nichols' mind as to the fact that a following vehicle, proceeding at twice his own rate of speed on an open highway with no approaching traffic, intended to pass, and it follows as an inescapable consequence that his attempt to make a left-hand turn across the highway under such circumstances was gross negligence. At this point, in support of this conclusion, we refer to the recent case of Callia v. Rambin, 78 So.2d 44, 45, decided by this court, in which the facts were remarkably similar to those involved in the instant case. We quote the following pertinent extracts from the opinion both with reference to facts and the holding of the court:
"For this purpose the (plaintiff, Mrs. Callia) proposed to turn to her left, that is, in an easterly direction across the highway into a pasture roadway * * *. According to * * * Mrs. Callia's testimony * * *, as she approached the point at which the turn *202 was to be effected she observed defendant's truck approaching from the rear, some several hundred feet away, caused a red signal flag to be extended from one of the left front windows of the bus * * *; fixed her directional signal lights signifying a left turn, and proceeded to undertake this maneuver. Defendant's truck approaching from the rear of plaintiff's school bus was engaged in passing the latter vehicle at the time Mrs. Callia began her turning movement. Defendant pulled to the left of the highway but was unable to escape contact with the bus which he struck near the left front portion thereof * * *.

* * * * * *
"* * * unquestionably Mrs. Callia was guilty of negligence in attempting to make the turn without being assured that the same could be completed in safety. Under LSA-R.S. 32:235, the law governing operation of vehicles upon the highways specifically provides:
"`A. The driver of any vehicle on the highways of this state shall ascertain, before turning around upon any highway, that there is no traffic, vehicular or pedestrian, approaching from either direction which will be unduly delayed and shall yield right-of-way to such approaching traffic and shall not attempt to make a turn unless the way is clear.'
"The above provision is reinforced by Section 236 which reads, in part, as follows:
"`The driver of any vehicle upon a highway of this state, before starting, stopping or turning from a direct line shall first see that such movement can be made in safety * * *.'
"The making of a left turn upon a highway has frequently been denominated by the courts of this State as a dangerous operation requiring the exercise of the greatest care and caution in the performance thereof.
"The giving of a signal, which fact is disputed in the instant case, is immaterial, if at the time the driver of the turning vehicle did not have the opportunity to make the turn in safety. McDonald v. Zurich General Accident & Liability Ins. Co., Ltd., La. App. 25 So.2d 923; Michelli v. Rheem Mfg. Co., La.App., 34 So.2d 264.
"Even conceding that Mrs. Callia signaled her intention of making a left turn from the highway, it is clear that she was guilty of gross negligence in beginning this operation, knowing that another vehicle was following in her course."
It necessarily follows, inasmuch as both drivers were guilty of acts of negligence which concurred to cause the accident, that neither is entitled to recover. Accordingly, the judgment appealed from is reversed and set aside and there is now judgment dismissing both the demands of plaintiffs and the reconventional demands of defendants. All costs of court shall be equally apportioned between and taxed against plaintiffs and defendants.