AYRES, Judge.
Plaintiff, as the insurer against damages arising as the result of a collision or upset of a Buiclc automobile of one R. F. Bernard, brought this action as subrogee of the insured for reimbursement of the damages paid as the result of a collision between said automobile and a pick-up truck of the defendant, Moodie Wallace, operated and driven by him at the time of the collision.
The accident occurred near noon February 6, 1956, on alternate State Route No. 7, an asphalt highway between Springhill and Cullen in Webster Parish, Louisiana, near the entrance to Bethel Baptist Church. At the scene of the accident the highway was straight and practically level; the weather was dry and, although somewhat cloudy, vision was unobscured and there was no obstruction to one’s view. The highway runs generally in a north and south course and Bethel Church is located east of this highway, access to which is made by two driveways leading from the highway.
Defendant Wallace was proceeding in a pick-up truck in a southerly direction with the intention of making a left turn into the driveway leading to the church. While proceeding towards this location he was followed by another pick-up truck driven by one Jesse McCoy, to the rear of whom was also Johnnie Morgan, driving the Bernard Buiclc automobile and likewise proceeding in a southerly direction. The accident occurred while Wallace was attempting a left-hand turn into the driveway to the church.
Charges and counter-charges of negligence are alleged against the drivers of both cars as proximate causes of the accident. Defendant is charged with making a left-hand turn into the path of the Bernard automobile without giving a signal of his intention to make such a turn and without ascertaining that the movement could be made in safety; likewise, that he failed to maintain a proper lookout and to properly observe traffic approaching to his rear, which he impeded and obstructed in the attempted maneuver. Johnnie Morgan, driver of the assured’s automobile, is charged *779 with negligence in driving at an excessive rate of speed without keeping a proper lookout and in attempting to pass defendant’s truck without giving any signal of his intention to> pass and without first ascertaining that the highway was clear; that he also failed to observe and honor defendant’s signal of his intention to make a left turn. In the alternative, defendant plead that the negligence of the assured’s driver constituted a proximate contributing cause of the accident, and that, accordingly, plaintiff was thereby precluded from recovery.
The trial court concluded from the evidence that defendant was guilty of negligence constituting a proximate cause of the accident in attempting a left-hand turn without first determining that it could be made in safety, and that the driver of the Bernard car was contributorily negligent in not observing defendant’s signal of his intention to make a left-hand turn and in failing to take precaution to avoid the collision. Accordingly, there was judgment rejecting plaintiff’s demands, from which it prosecutes this appeal.
It is a matter of no material importance that Morgan, as the driver of the assured’s automobile, may have been negligent under the facts as disclosed in the record. Morgan was neither an agent, servant nor employee of Bernard. Both Morgan and Bernard were employees of the Hughes Buick Company as automobile salesmen. Morgan was driving Bernard’s car with Bernard’s permission and consent in the interest of and in the performance of the duties of his employment with Hughes. At the time of the collision Morgan was on a mission of notifying Bernard to return a certain Buick automobile of the Company’s, which Bernard was then driving, in order that a sale of that car might be completed by Hughes.
It was stated by this court in Hardtner v. Aetna Casualty & Surety Co., La.App., 189 So. 365, 370:
"The only way or theory upon which negligence of one person may be imputed to another is under that of agency; * * *
This court likewise held in Manley v. Hammons, La.App., 20 So.2d 817, that the negligence of a father in the operation of a son’s automobile could not be imputed to the son, who was not concerned with his father’s mission or exercising any control over the operation of the automobile. Contributory negligence of a driver of a borrowed automobile, with which a truck collided when the automobile came to a stop, could not be imputed to the owner of the car where the driver had borrowed the automobile for her own purposes and was not engaged on any mission for the owner either as agent or employee. Adam v. English, La.App., 21 So.2d 633. Consequently, an automobile owner or his insurer as his subrogee may recover for damages sustained by an automobile in an accident to which the negligence of the driver and operator contributed, where such operator was neither agent nor employee of the owner. Emmco Ins. Co. v. Savoy, La.App., 71 So.2d 573.
In Metzler v. Johnson, La.App., 71 So.2d 607, the jurisprudence was recognized as well established that the negligence of the borrower of an automobile is not to be imputed to the owner unless the borrower is using the car in the interest of the owner or his agent or employee. See also Murray v. Dupepe, La.App., 75 So.2d 252.
The decisive question is, therefore, whether or not defendant was guilty of negligence constituting either a proximate or a contributing cause of the accident. On this phase of the case we find no manifest error in His Honor’s conclusion and finding of negligence on defendant’s part.
Defendant’s version is that, when he approached within about 100 feet of the driveway to the church, he reduced his; speed from that of 25 to 30 miles per hour to 10 miles per hour and extended his left hand, indicative of his intention to make a left-hand turn off the highway and into the *780 driveway to the church; that, as his front wheels neared the east edge of the highway, his truck was struck on its left side by the Bernard car and was turned around by the impact and headed into the ditch on the opposite side of the highway. He stated that he was followed at a distance of 75 feet by the truck of Jesse McCoy and by the Bernard automobile at a distance of 25 to 30 yards at the time he gave his signal and began his left-hand turn.
McCoy testified that he was proceeding in a southerly direction at a speed of 45 to 50 miles per hour and ran up behind defendant’s pick-up truck, whereupon he maneuvered his truck to the left, slowing his speed, with the intention to pass, when he observed defendant’s signal of a left turn, following which he steered his truck to the right, back into the right-hand lane. As McCoy applied his brakes, the Buiclc passed him when McCoy was 60 to 75 feet to the rear of defendant’s truck, and momentarily thereafter the collision occurred at a distance of only 50 to 60 feet ahead of McCoy’s truck. McCoy testified that had defendant’s truck not been making a left-hand turn, the Buiclc would have had ample time to pass, notwithstanding the approach of an oncoming vehicle some 300 yards or further in the distance.
Morgan estimated his own speed at 45 to 50 miles an hour; McCoy’s estimate was considerably higher. Morgan testified that he never saw defendant’s left-hand signal but that as he passed the McCoy truck, defendant was alongside the center line of the highway and that, although he signaled his intention to pass by blowing his horn, Wallace turned into the left lane at a distance of only 25 feet ahead, affording him neither time nor opportunity to do anything effective to avoid the accident, although he applied his brakes and drove his car to the pxtreme left-hand side of the highway.
The conflicts in the testimony as to whether defendant gave a signal of his intention to turn or that Morgan blew his horn indicating he was beginning a passing movement, as well as the other conflicts appearing in the record, are relatively immaterial in that, admittedly, the defendant was well aware of the approach of the Buiclc automobile from the rear and particularly in the rear of the McCoy truck, which could reasonably constitute and obstruction to Morgan’s view of defendant’s signal.
The conclusion is inescapable that the defendant was guilty of negligence in thus attempting to make the left turn without first assuring himself that the turn could be completed in safety. Under LSA-R.S. 32:235, the law governing operation of vehicles upon the highways specifically provides:
“The driver of any vehicle on the highways of this state shall ascertain, before turning around upon any highway, that there is no traffic, vehicular or pedestrian, approaching from either direction which will be unduly delayed and shall yield right-of-way to such approaching traffic and shall not attempt to make a turn unless the way is clear.”
Of equal application is Sec. 236 of said statute, which reads as follows:
“The driver of any vehicle upon a highway of this state, before starting, stopping or turning from a direct line shall first see that such movement can be made in safety, * *
Thus, a motorist who desires to make a left turn has the responsibility of being certain that the turn can be made without danger to normal overtaking or oncoming traffic and must yield the right of way to such vehicles. Toney v. Burris, La.App., 45 So.2d 438; Malone v. Fletcher, La.App., 44 So.2d 352.
Appropriate here are the statements of this court in Callia v. Rambin, La.App., 78 So.2d 44, 46, wherein it was stated:
*781 “The making of a left turn upon a highway has frequently been denominated by the courts of this State as a dangerous operation requiring the exercise of the greatest care and caution in the performance thereof.
“The giving of a signal, which fact is disputed in the instant case, is immaterial, if at the time the driver of the turning vehicle did not have the opportunity to make the turn in safety. McDonald v. Zurich General Acc. & Liability Ins. Co., La.App., 25 So.2d 923; Michelli v. Rheem Mfg. Co., La.App., 34 So.2d 264.
“Even conceding that Mrs. Callia signaled her intention of making a left turn from the highway, it is clear that she was guilty of gross negligence in beginning this operation, knowing that another vehicle was following in her course.”
See also Nichols v. Everist, La.App., 80 So.2d 199.
Defendant Wallace, according to his own testimony, knew of the approach of the vehicles to his rear and should have realized, from their greater speed, that in all probability an attempt to pass by either or both of them would be made; that their following in close proximity made it unsafe for him to attempt a left-hand turn. The occurrence of the accident under the circumstances was practically inevitable. There is no evidence that defendant looked to the rear for approaching traffic, knowing these two vehicles were behind, after he says he reduced his speed and held out his hand while proceeding 100 feet at 10 miles per hour. Without serious question of a doubt, defendant’s actions constitute negligence, at least, contributing as a proximate cause to the occurrence of the accident and for which he should bear responsibility.
No contention or issue is raised as to the correctness of plaintiff’s claim.
Therefore, the judgment appealed is annulled, avoided, reversed and set aside and there is now judgment in favor of the plaintiff, Washington Fire and Marine Insurance Company, against the defendant, Moodie Wallace, for the full sum of $397.69, with five percent per annum interest thereon from judicial demand until paid, and for all costs of court, including cost of this appeal.
Reversed and rendered.