GLADNEY, Judge.
This suit is brought on a subrogation claim by the insurer of John W. Britt, for property damages sustained by Britt’s automobile. On October 19, 1954, Britt was driving north along the Bossier City-Plain Dealing highway in Bossier Parish, at about 10:00 o’clock at night, with normal atmospheric conditions, when his vehicle struck an automobile owned and operated by J. D. Bradford, which was proceeding ahead in the same direction and attempting to make a left turn into a private driveway. Following a trial on the merits of the case the judge a quo sustained a special plea of contributory negligence filed by the defendant and rejected the plaintiff’s demands.
The issues to be resolved relate first to the question of whether or not the contributory negligence of Britt is established, and second, if such contributory negligence is not established, then whether Bradford was guilty of actionable negligence.
The defendant charges contributory negligence of Britt due to his fault and neglect in that he failed to observe the hand signal given by Bradford for a left turn; in failing to see or respond to the flashing taillights of respondent’s automobile; in failing to timely apply his brakes and keep his vehicle under proper control; and finally, in driving at an excessive rate of speed under the circumstances.
Britt denied seeing the hand signal which Bradford says he gave for a sustained period of time prior to attempting to execute a left turn. Britt further testified he followed Bradford’s car from Bossier City to the scene of the accident, which was about *333 four miles to the north, maintaining a distance of 400 to 500 yards between the two cars; that while traveling in such manner -he observed the stop lights on the lead car and they “showed Stop”, whereupon he turned to the left lane in order to pass; and that when he was within ISO feet, Bradford turned out in the left lane and he, Britt, turned his car to the right to try to avoid a collision, but the left rear fender of his car hung the left rear bumper of Bradford’s car. Britt stated that before he undertook to pass Bradford he was traveling at a speed of 55 miles per hour and he did not give any horn signal of his intention of passing the lead automobile. He also testified he believed Bradford was engaged in the act of making a turn to the right and consequently the left lane was safe for passing.
We find the testimony of Britt is ample to sustain the special plea of contributory negligence. It is expressly provided in LSA-R.S. 32:234, subd. A of the Motor Vehicle Regulatory Statute the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway. Furthermore, the same Statute, LSA-R.S. 32:233, subd. B, .imposes the duty upon the driver of an overtaking vehicle to give audible and sufficient warning of his intention before overtaking, passing or attempting to pass a vehicle proceeding in the same direction. In Burns v. Evans Cooperage Company, Inc., 1945, 208 La. 406, 23 So.2d 165, at page 169, the court had under consideration the negligence of plaintiff, who damaged his automobile while trying to avoid collision with a truck when it slowed down preparatory to making a left turn, and appraised the responsibility of the following automobile, saying:
“It is the duty of the driver operating an automobile, upon approaching another automobile from the rear while both cars are travelling in the same direction, to exercise a great deal of care. He must look out for the person ahead, realizing that that person is engaged in handling a high-powered machine requiring constant attention and that his lookout is forward and not backward. The driver of the rear car must keep a safe distance behind the front car and must have his machine under such control as to avoid injury to the car ahead or to his own car so long as the driver of the front car is driving in accordance with his rights. The evidence in this case shows that plaintiff was not operating his car in accordance with this rule. He was driving his automobile at an excessive rate of speed, paying little or no attention to the surrounding facts and circumstances, with the result that he suddenly came upon a truck that was slowing down, causing plaintiff to turn to the left in order to avoid a rear-end collision. In other words, the record in this case discloses that the accident was caused by plaintiff’s negligence and not by the negligence of defendants’ truck driver.”
This court in Callia v. Rambin, La.App. 1955, 78 So.2d 44, observed that the driver of the following vehicle did not sound his horn to give warning of his anticipated passing and such failure to observe this action, coupled with his failure to take notice of the apparent intention of the driver of the preceding vehicle to either stop or turn must be considered to be negligence of a character and degree which contributed to the accident and which, therefore, barred recovery.
Britt frankly states he timely observed the tail-lights of the defendant vehicle blinking and clearly indicating that either the Bradford vehicle was about to stop or turn either to the left or right. This, together with the slowing of defendant’s car, should have been sufficient and adequate to warn Britt to slow his automobile and bring it under full control, but he did not take any such measures of precaution, but con *334 tinued at his same speed of 55 miles per hour because, as he stated, he believed that the defendant would make a turn to the right. In so continuing, Britt neither gave a signal nor other warning of his intention of passing the vehicle which obviously was going to make some kind of maneuver. These acts of omission and commission constitute negligence, in our opinion, and are entirely sufficient to support the judgment rendered by the trial court, based on the contributory negligence of Britt.
For the reasons hereinabove stated, Britt was contributorily negligent, and, therefore, plaintiff’s subrogee is barred from recovery. This finding precludes us from examining the question of whether or not Bradford was guilty of negligence.
For the foregoing reasons the judgment from which appealed is affirmed at appellant’s cost.