126 So.2d 835 (1961)
Edmund C. McCALLUM, Plaintiff-Appellee,
v.
W. W. ADKERSON, Jr., Defendant-Appellant.
No. 9378.
Court of Appeal of Louisiana, Second Circuit.
February 2, 1961.
Bullock & Bullock, Shreveport, for appellant.
*836 Blanchard, Goldstein, Walker & O'Quin, Bodenheimer, Looney & Richie, Shreveport, for appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
GLADNEY, Judge.
Plaintiff, Edmund C. McCallum, instituted this action to recover $471.98 for damages sustained to his 1956 Oldsmobile sedan as the result of a collision with a 1951 Pontiac sedan owned and driven by defendant, W. W. Adkerson, Jr. Defendant reconvened for $28,989.77, representing property damages, personal injuries, medical expenses, and loss of wages occasioned by the accident. After trial on the merits the lower court rendered judgment for plaintiff as prayed for, and rejected defendant's reconventional demand. Defendant appealed suspensively.
The accident occurred some four miles south of Bossier City on U. S. Highway No. 71, at approximately 6:00 o'clock P. M. on November 16, 1958. Defendant, while proceeding north in heavily congested northbound traffic, perceived a malfunction in his automobile's generator, and, consequently, determined to pull off the highway in order to inspect same. Defendant testified that he decelerated his vehicle preparatory to entering a side road on the right, that the traffic behind him slowed accordingly, that his anticipated turn was obstructed by several outbound automobiles, and that he was, therefore, compelled to continue northward. The next available turnoff was on the left-hand side of the highway at the unincorporated village of Curtis, Louisiana, which is only a short distance from the side road where defendant first intended to turn. There Adkerson again reduced his speed, and according to his testimony which is corroborated by that of a following motorist, signalled with extended left arm, as well as by means of his directional indicator, his intention to turn left. However, he was forced to delay his turn in order to permit an overtaking motorist to complete his passing maneuver of the entire line of traffic. Defendant maintains he again surveyed the scene to the rear, observed that the following vehicles were slowing down to permit his maneuver, and proceeded into his turn. Meanwhile, plaintiff, who was traveling approximately four to five cars to the rear of Adkerson, and who had observed the successful passing maneuver of the aforementioned motorist, pulled into the left-hand lane in an attempt to pass the entire line of traffic. Plaintiff maintains that he was only forty feet from the Adkerson vehicle when Adkerson turned left across the highway.
It is admitted that plaintiff did not at any time sound his horn, and defendant denies having seen plaintiff's vehicle until after the accident occurred. The automobiles collided in the left-hand lane of traffic, plaintiff's car striking the Adkerson vehicle in the vicinity of the left rear fender. Measurements taken by State Police Officers investigating the accident, disclosed plaintiff's vehicle skidded fifty-four feet before the impact.
Plaintiff alleged that the sole and proximate cause of this accident was defendant's failure to maintain a proper lookout and his attempted to execution of a left turn before ascertaining that it could be safely completed without interfering with other traffic. Defendant answered, denying any negligence on his part and asserted a reconventional demand for some $28,989.77 predicated on allegations of negligence on the part of McCallum, to-wit: failing to keep a lookout and maintain proper control over his vehicle; attempting to pass, without taking proper precautions, an entire line of traffic at a time when said traffic was obviously slowing down for some cause; and in driving at an excessive rate of speed. Defendant further plead in the alternative, the doctrines of last clear chance and contributory negligence. The special defense of contributory negligence was also alternatively plead by the defendant in reconvention.
*837 In written reasons for judgment, the lower court indicated that both parties were guilty of negligence but that defendant's failure to observe the overtaking motorist was the sole proximate cause of the accident. It was further observed that defendant, at any rate, had the last clear chance to avoid the accident.
As regards the alleged negligence of defendant, LSA-R.S. 32:235 and 32:236 charge a motorist desiring to execute a left turn with the responsibility of ascertaining with certainty that the turn can be made without danger to normal overtaking or oncoming traffic, and require that the turning motorist yield the right of way to such vehicles. Leonard v. Holmes & Barns, Ltd., 1957, 232 La. 229, 94 So.2d 241, 242; Washington Fire & Marine Insurance Company v. Wallace, 2d Cir., 1957, 92 So.2d 777; Kay v. White, La.App. Orleans, 1951, 55 So.2d 329. The giving of a signal is immaterial if at the time the driver of the turning vehicle did not have an opportunity to make the turn in safety. Callia v. Rambin, La.App., 2d Cir., 1955, 78 So.2d 44; Nichols v. Everist, La.App., 2d Cir., 1955, 80 So.2d 199; Washington Fire & Marine Insurance Company v. Wallace, supra.
Defendant's contention that McCallum was traveling at an excessive rate of speed is not substantiated by the evidence. It was incumbent upon defendant to make certain that his turning maneuver could be safely executed without endangering plaintiff's overtaking vehicle, which, insofar as its rate of speed is concerned, must be regarded as normal overtaking traffic. We are referred by defendant to the case of Paggett v. Travelers Indemnity Company, La.App., 2d Cir., 1957, 99 So.2d 173, wherein this court absolved a left turning motorist from allegations of negligence even though she admittedly did not see the overtaking vehicle with which she collided. Although the Paggett case is appropriate to the disposition of allegations of negligence directed toward McCallum, as will be discussed infra, the opinion therein is not conclusive on the question of Adkerson's negligence inasmuch as the overtaking motorist in the Paggett case was shown to be traveling at an excessive rate of speed, and, consequently, the turning motorist was exonerated from charges of negligence predicated upon her failure to observe the passing vehicle. In the absence of a showing of excessive speed on McCallum's part, there is no acceptable explanation for defendant's admitted failure to see plaintiff's vehicle until after the collision had occurred. The conclusion is inescapable that had defendant looked to the rear immediately prior to beginning his turn he would have observed plaintiff's passing maneuver. We are, therefore, in complete accord with the lower court's finding that defendant was guilty of negligence which was a proximate cause of the accident.
Defendant's charge of contributory negligence on the part of plaintiff is predicated primarily on LSA-R.S. 32:233, subd. B, which provides:
"The driver of an overtaking vehicle shall give audible and sufficient warning of his intention before overtaking, passing or attempting to pass a vehicle proceeding in the same direction."
Plaintiff maintains that his failure to comply with the aforequoted statute before attempting to execute the passing maneuver in question, was not negligence on his part. We are aware of the interpretation placed upon the statute by the First Circuit in DeLa Vergne v. Employers Liability Assur. Corp., La.App., 1st Cir., 1941, 4 So.2d 66, and followed in Sanders v. Hisaw, La.App., 1st Cir., 1957, 94 So.2d 486; Marrero v. Richard, La.App., 1st Cir., 1957, 98 So.2d 305; Desormeaux v. Southern Farm Bureau Cas. Ins. Co., La.App., 1st Cir., 1959, 108 So.2d 672; Babineaux v. Sims, La.App., 1st Cir., 1959, 111 So.2d 848. The Orleans Court of Appeal has adopted a similar interpretation in Cantrell v. H. G. Hill Stores, La.App. Orleans, 1940, 193 So. 389; Martin *838 v. Globe Indemnity Co., La.App. Orleans, 1953, 64 So.2d 257, and Service Fire Ins. Co. of New York v. Indiana Lumbermens Mutual Ins. Co., La.App. Orleans, 1959, 111 So.2d 358. The holding of the above cited cases generally is to the effect that an overtaking motorist is under no duty to sound his horn when the overtaken vehicle is proceeding entirely in its proper lane leaving sufficient clearance for passing, and that his failure to sound his horn will not be a proximate cause of an accident resulting from the overtaken vehicle's sudden turn across his path since the purpose of sounding the horn is not to warn the overtaken vehicle not to turn left, but rather is to favor the overtaking motorist to the extent that the overtaken vehicle will not impede his progress by failing to afford sufficient clearance in which to pass.
The provisions of LSA-R.S. 32:233, subd. B should be so construed as to be given effect. This court has, under certain circumstances, considered the failure of an overtaking motorist to sound his intention to pass as constituting actionable negligence. In Callia v. Rambin, La.App., 2d Cir., 1955, 78 So.2d 44, we stated:
"While it is true that defendant had no reason to expect a sudden left turn by the school bus which was preceding him along the highway, it is nonetheless true that he failed to take reasonable precautions before attempting to effect passage of the preceding vehicle. Defendant did not sound his horn to give warning of his anticipated passing. Further, while it is true, in our opinion, that plaintiffs have failed to establish the turning on of directional signal lights, we think it has been established that there was appreciable evidence of the intention of the driver of the school but to take some action either by stopping or turning which should have put defendant on guard. His failure to observe this action, coupled with his failure to give any notice of his attempted passing, must be considered to be negligence of a character and degree which contributed to the accident and which therefore bars his recovery." Id., at page 46.
In Nichols v. Everist, La.App., 2d Cir., 1955, 80 So.2d 199, we stated:
"However, it is equally well established that the defendant, Everist, was guilty of negligence both in failing to keep a proper lookout and in failing to sound his horn, indicating his intention to pass the Nichols' truck." Id., at page 201.
And, in Washington Fire & Marine Ins. Co. v. Bradford, La.App., 2d Cir., 1957, 96 So.2d 332, we held a motorist contributorily negligent inasmuch as he was traveling at an excessive rate of speed and
"* * * neither gave a signal nor other warning of his intention of passing the vehicle which obviously was going to make some kind of maneuver. These acts of omission and commission constitute negligence, in our opinion * * *." Id., at page 334.
Manifestly, if an overtaking motorist can ever be adjudged negligent for having failed to make known an intention to pass, the circumstances of the instant case warrant such a determination. The evidence is conclusive to the effect that McCallum was attempting to pass at least four or five automobiles in one continuous maneuver, and that the entire line of traffic was traveling at an unusually slow rate of speed so as to permit Adkerson to execute his turn. In Paggett v. Travelers Indemnity Co., La.App., 2d Cir., 1957, 99 So.2d 173, this court stated:
"We think there is no question as to the gross negligence of Dunn in driving at an excessive rate of speed; in attempting to pass a number of automobiles, moving slowly in the same direction, without giving adequate signals of his intention, without assurance that this movement could be safely performed, and in failing to observe and heed the signal for a left hand *839 turn given by the driver of the Smedley car. Dunn's negligence in these respects was conclusively established and constituted proximate causes of the accident." Id., at page 175.
The testimony adduced at trial of this cause indicates that Adkerson signalled his intention to turn left, and the written reasons for judgment handed down by the lower court accept that fact as established. Consequently, the only distinction between the conduct of plaintiff herein and that of the overtaking motorist in the Paggett case is that the latter was found to have been traveling at an excessive rate of speed. However, the foregoing quotation demonstrates that driving at an excessive speed was only one of several negligent acts ascribed to the overtaking motorist therein.
It is our opinion that plaintiff was negligent in attempting to pass, without giving adequate signals of his intention, at a time when the traffic was decelerating in such a manner as to indicate that the lead vehicle was either preparing to turn or experiencing some sort of mechanical difficulty, and in failing to observe and heed the left turn signal given by defendant, which negligence was a proximate cause of the accident.
The only remaining issue for our disposition in this case is whether the doctrine of last clear chance has application under the facts disclosed. Before this doctrine can be applied three essential facts must be evident. First, that plaintiff is in a position of peril of which he is unaware or unable to extricate himself; second, that the defendant was in a position to see or discover plaintiff's peril; and third, that at such time the defendant could have, with the exercise of reasonable care, avoided the accident. Maryland Casualty Co. v. Allstate Insurance Co., La.App., 2d Cir., 1957, 96 So.2d 340. In the last cited case we observed:
"* * * we hesitate in cases where the last clear chance doctrine is relied upon to relieve a party of his negligent acts except when opportunity presented the other party to avert the accident is manifest." Id., at page 344.
Inasmuch as the collision occurred almost immediately after the peril could have been first discovered, we do not consider either plaintiff or defendant as having had sufficient opportunity to avert the accident. Consequently, the doctrine is without application.
For the foregoing reasons, the judgment awarding damages in favor of plaintiff is annulled and set aside. In all other respects the judgment of the lower court is affirmed, and appellee is taxed with all costs