GLADNEY, Judge.
This action in tort was brought by Boyd Mitchell and his wife against Mrs. Katie S. Brakefield, her husband and the National Surety Corporation. Claims are presented: for damages by reason of personal injuries, received by Mrs. Mitchell and Mrs. Brake-field, and stem from an automobile collision, on August 20, 1960, at a point approximately one-half mile east of Red Hill, near Bastrop on U. S. Highway No. 165. At the time of the accident the two vehicles involved, a Buick automobile driven by Boyd Mitchell, and a Chevrolet pick-up truck driven by Mrs. Brakefield, were traveling east, with Mrs. Brakefield driving the-lead vehicle. Special pleas of contributory-negligence were filed by plaintiffs and defendants. After a trial on the merits, the-trial court rendered judgment in favor of' plaintiffs in the sum of $500.00 as damages, for the personal injuries received by Mrs. Mitchell and for Boyd Mitchell $1,201.64 as special damages. Counsel for plaintiffs moved for a new trial asking that the case be reopened for receipt of additional evidence relating to the injuries received by Mrs. Mitchell. This motion was denied. All parties have appealed and plaintiffs have re-asserted their request that Mrs. Mitchell' be given further opportunity to, prove the full extent of her injuries.
Resolution of the issue as to liability rests largely upon the testimony of Mrs. Brakefield and Boyd Mitchell. The evidence tendered by each side is replete with.i *215 inconsistencies, a fact recognized by the judge a quo. Plaintiffs have alleged that Mrs. Brakefield was negligent in many respects, but primarily in that she failed to give a hand signal of her intention to make a left turn, failed to make proper observation for approaching traffic, and executed a left turn at a time when it was unsafe to do so. Boyd Mitchell is charged with negligence in driving at an excessive rate of speed, in failing to maintain a proper lookout, in not having his vehicle under proper control, in failing to heed the signal given by Mrs. Brakefield, and in attempting to overtake and pass a vehicle when it was not safe to do so.
'The trial court in holding that Mrs. Brakefield’s negligence was solely responsible for the collision, found that Mitchell executed a proper passing movement, that he was not guilty of excessive speed, and that the accident was caused by the failure of Mrs. Brakefield to make proper observation of the approach of the Mitchell car and her attempt to make a left turn when it was unsafe to do so.
Our examination of the record supports the decision of the trial court. Mrs. Brake-field testified that on the morning of the accident, accompanied by her fourteen year old son, Michael, she drove her truck from Bastrop toward Mer Rouge along U. S. Highway No. 165 for the purpose of making a business call, and after descending Red Hill, parked the truck for a short period of time on the north shoulder of the highway about one-fourth of a mile east of Red Hill. She returned to her vehicle shortly afterward and while driving onto the paved portion of the highway she observed an approaching automobile one-fourth of a mile to her rear, and continued forward at a rate of speed of from fifteen to twenty-five miles per hour. It was her intention to turn around by using a driveway leading into the north side of the highway, and then return to Bastrop. The driveway is at the Sullivan home. Mrs. Brakefield further testified that as she approached the Sullivan driveway she looked into her rearview mirror which was outside the cab of the truck, and when she failed to observe the approach of any vehicle from the rear, she extended her left hand and gave the proper signal for a left turn. She then maneuvered her car across the center line preparatory to entering the driveway which was at that time seventy-five yards distant. As she was making this maneuver she heard the tires of the Mitchell car “squealing”, and this caused her to apply her brakes, after which she turned slightly to the left, accelerating her speed and then turned somewhat back to the right. At that moment the truck was struck by the Mitchell car from the rear, with contact occurring almost in the center of the rear bumper.
Boyd Mitchell was accompanied by his wife who was seated on the right front seat. He testified that as he approached the scene of the accident he was driving about forty-five miles per hour; that he first noticed the truck some six hundred to seven hundred feet ahead traveling at a slow rate of speed; that when the distance between the two vehicles was reduced to about three hundred feet he sounded his horn to warn the truck driver of his intention to pass. Mitchell stated that when his car was within two hundred feet of the Brakefield truck, he initiated his passing movement, and that as he was pulling into the passing lane one hundred twenty-five feet to the rear of the truck, the latter vehicle moved into the passing lane. Mitchell immediately applied his brakes and attempted to maneuver his car to the left to avoid a collision which nevertheless occurred, although he did succeed in stopping his car within a few feet of the point of impact. The testimony of Mrs. Mitchell is very similar to that of her husband.
The testimony of Mrs. Brakefield received some corroboration with respect to her contention that no warning horn signal was heard, and that she did, in fact, give a hand signal for a proper left turn. Michael Brakefield and Mary Ann Sullivan testi *216 fied the hand signal was given. They also testified they did not hear the sound of a horn prior to the collision. In this respect they were corroborated by an elderly colored witness, Polk Williams, who, however admitted to being partially deaf. The testimony of these witnesses, however, is not completely satisfactory. There are many inconsistent statements. It was also disclosed that Mary Ann Sullivan was inside of her house at the time of the accident, a fact which necessarily weakened her testimony.
Within one-half hour after the accident State Trooper James Rodman investigated the case. He testified he found debris from the cars at a point which he determined to be the place of impact near the center of the westbound traffic lane opposite the Sullivan driveway. He found skid marks, which he ascribed to the Mitchell vehicle, near the center of the highway, covering a distance of sixty-six feet and leading up to the point of impact. He further testified the paved highway had two traffic lanes, each twenty-four feet in width with shoulders eight or nine feet wide on each side. The Brakefield truck came to rest upside down in a ditch on the north side of the highway about forty-five feet east of the point of impact, and the Mitchell vehicle was stopped a few feet from the point of impact, most of the automobile being in the eastbound traffic lane.
Counsel for defendants concede Mrs. Brakefield prior to the collision had crossed the center line into the lane for westbound traffic for the purpose of being in a better position to execute a left turn into the Sullivan driveway. Mrs. Brakefield also admits she failed to observe the Mitchell car to the rear until after she heard the noise of its tires occasioned by the application of the brakes. Prior to undertaking the left turning maneuver she had observed the Mitchell car one-fourth of a mile to her rear, and she should have realized the proximity of the automobile rapidly overtaking her truck from the rear, although she did not observe it in her rearview mirror.
We find that Mitchell was free from contributory negligence. It is not shown that his speed of forty-five to fifty miles per hour was excessive and unreasonable under the circumstances. It is charged that he failed to sound his horn for passing, but this fact alone is not controlling, although it was supported by positive rather than negative evidence. Mitchell undertook a normal and proper passing movement and was engaged in this maneuver when Mrs. Brakefield began to move her truck into the westbound or passing lane for eastbound traffic. Counsel for the defense contend that the passing movement attempted by Mitchell was too short and abrupt and in this respect he was negligent. In our opinion, the proven' facts indicate that the contrary is true, that is, that the passing movement was normal, but was interrupted by the untimely1 maneuver of Mrs. Brakefield.
Counsel for defendants-appellants earnestly contend the trial court committed error in finding Mrs. Brakefield guilty of negligence without giving full consideration to all the circumstances, and more particularly in not finding that Mrs. Brake-field was justified in assuming the following driver, Mr. Mitchell, would observe the rules of law and common sense.
It is asserted that the following motorist who makes a sharp passing maneuver without proper lookout or with disregard of possible dangers ahead of him, is guilty of negligence as a matter of law. Cited in support of the last ruling are the cases of Thomas et al. v. Barnett et al., La.App., 116 So.2d 330 (2d Cir. 1959), affirmed 240 La. 363, 123 So.2d 87 (1960); and McCallum v. Adkerson, La.App., 126 So.2d 835 (2d Cir. 1961). We find no room for disagreement with counsel’s statement of the foregoing general legal principles. Authority is to be found in Paggett et al. v. Travelers Indemnity Company et al., La.App., 99 So.2d 173 (2d Cir. 1957), Thomas v. Barnett, supra, McCallum v. Adkerson, supra, and Faulkner et ux. v. *217 Ryder Tank Lines, Inc. et al., La.App., 135 So.2d 494 (2d Cir. 1961).
Since counsel relies strongly upon the authority of Thomas v. Barnett and McCallum v. Adkerson, we point out that in Thomas v. Barnett there was a sharp passing maneuver and this court and the Supreme Court concluded that the overtaking passing motorist, Thomas, was guilty of contributory negligence in not assuring himself that he could safely pass Barnett’s truck. A close examination of the facts of this case show that the court held Thomas should have recognized that plainly visible gravel loading operations were being conducted on the left side of the highway, that Barnett would he preparing to turn left in order to reach that destination, and that Thomas was wrong in anticipating Barnett would turn right instead of left. The case, therefore, is readily distinguishable from the one at bar. McCal-lum v. Adkerson, supra, likewise must be considered inapposite, for in that case Mc-Callum was intent upon passing a number of vehicles, and this court held he should have surmised from the slowing down of the several vehicles ahead that it was the intention of the driver of the lead vehicle to make a left turn. In the instant case the accident was caused solely by the unlawful left turning maneuver of Mrs. Brakefield. Washington Fire & Marine Insurance Company v. Firemen’s Insurance Company, 232 La. 379, 94 So.2d 295 (1957); Johnson v. Wilson, 239 La. 390, 118 So.2d 450 (1960); Johnson v. Southern Farm Bureau Casualty Insurance Company, La.App., 124 So.2d 331 (3rd Cir. 1960); Stevens v. Dowden, La.App., 125 So.2d 234 (3rd Cir. 1960); Liddell v. New Orleans Public Service, Inc., La.App., 128 So.2d 80 (4th Cir. 1961); and LSA-R.S. 32:233, subds. A, B, C, F; 32:234, subd. A; 32:235, subds. A, B, and 32:236.
Contributory negligence is a special defense and the party relying on such a defense takes the burden of establishing it by a preponderance of the evidence. Demerest v. Travelers Insurance Company, 234 La. 1048, 102 So.2d 451 (1958).
Accordingly, we hold that the sole proximate cause of the instant collision was the negligence of Mrs. Brakefield as stated above, and that plaintiffs are entitled to recover damages herein. However, the court has been unable to reach a satisfactory conclusion as to the amount of damages to which Mrs. Boyd Mitchell may be entitled. This decision results from the inconclusive evidence found in the record, in that it would appear that plaintiffs have not produced available medical testimony to show the full extent of the injuries sustained by Mrs. Mitchell. Accordingly, we are of the opinion that the case should be remanded for determining the proper quantum to be awarded. Counsel for plaintiffs have earnestly requested the case be remanded for this purpose.
For the reasons assigned, the judgment of the district court is set aside and the case is remanded to the Fourth Judicial District Court for the Parish of Morehouse for further proceedings consistent with the views expressed herein, and particularly for the introduction of such additional evidence, material and relevant to the case, as either plaintiffs or defendants, or both, may desire to offer, with respect to the determination of the nature and extent of the injuries received by Mrs. Mitchell.
The costs of this appeal are assessed against appellees.