SARTAIN, Judge.
The plaintiffs in these two consolidated cases were injured when they, as pedestrians, were struck by a bus owned and operated by the defendant, Greyhound Lines, Inc. From the judgment denying their respective claims they have appealed. We affirm.
On the evening of August 13, 1967, at about 7:00 p. m. o’clock, plaintiffs were attempting to cross U.S. Highway 190 several miles west of the Mississippi River bridge in the Parish of West Baton Rouge, Louisiana. The highway at this juncture runs in a generally east-west direction. It has four lanes. The two lanes for each direction of traffic are separated by a grass median. At the time of the accident the weather was clear and the highway dry. The only illumination other than that from the traveling motorists emanated from the neon lights adorning the entertainment establishments located on each side of the highway.
It should be noted that U.S. Highway 190 is bordered by asphalt shoulders. The outside edges of the traffic lanes are marked by continuous white lines. The center of the lanes for each direction of traffic is marked by a broken white line.
Willie Claude Rushing, employee of Greyhound Lines, Inc., was driving his bus in an easterly direction (towards Baton Rouge). He testified that he was proceeding in the inside lane at a rate of 28 m. p. h. Just in front of him and on the outside lane was another vehicle which was traveling at approximately the same speed. He observed this vehicle “swerve” sharply to its right so as to miss an object. Instantly, he noticed through his right front windshield the top of a person’s head. He thereupon cut sharply to his left and applied his brakes. Almost simultaneously with this movement, he felt the impact of his bus striking plaintiffs. The bus stopped within twenty-five feet, leaving only five feet of skidmarks all within the inside lane. It came to rest with its two left wheels resting on the grass median and its two right wheels in the inside lane. He immediately got out of his bus and observed plaintiff-Carrington’s body near its door and plaintiff-Mrs. Kimberlin was near the center of the bus. Both bodies were lying on or astride the broken white lines dividing the inside and outside. lanes for eastbound traffic. The record discloses that Carrington was standing to the west' of and with his arms around Mrs. Kimber-lin. Contact was made with the bus near its right front because the headlight and rear-view mirror on that side were damaged.
Plaintiffs were endeavoring to cross U. S. Highway 190 from a south to north direction to go to their automobile which was parked in the lot in front of an establishment situated on the north side of the highway. It is well established that cars in the parking lot from whence they were proceeding were parked right up to the asphalt shoulder.
*68 Carrington first testified that he and Mrs. Kimberlin walked through the parked cars and had come to a complete stop on the white line designating the south edge of the outside lane for east bound traffic. He explained that when the last of three east bound cars had passed them, they were suddenly confronted with “big lights” and immediately struck. He later stated that he may have been confused about the lines and could have unknowingly walked to the broken center line, where he stopped for the three cars to pass.
Mrs. Kimberlin stated that she and Car-rington had walked up to the solid southern most line and had stopped. Irrespective of where plaintiffs stopped, both deny emphatically that they had moved or made any sudden dash to cross the highway.
It is irrefutable that the point of impact was on or near the broken center line dividing the two lanes of east bound traffic. Contact was made with the right front corner of the bus which was unquestionably in the inside lane. Carrington’s statement that they could have possibly walked to the center line corroborates Rushing’s version that the car preceding him in the outside lane cut to its right. This was a move obviously initiated by that driver to avoid striking plaintiffs himself. Carrington acknowledged that the third car, which he believes entered the highway from a service station to the west, passed to the rear or south of him and Mrs. Kimberlin.
Plaintiffs contend that the trial judge erred in two respects: failing to hold that Rushing was guilty of negligence and alternatively, failing to apply the doctrine of last clear chance. Authorities cited in support of each contention are correct but such authorities are based on facts different from those above enumerated for the case at bar. Principally, plaintiffs contend that Rushing was negligent in failing to observe their presence on the highway. This record does not support any finding of negligence on the part of Rushing. He was proceeding at an extremely moderate rate of speed in fairly heavy traffic. It was at night and the highway was not especially lighted. The conflict in plaintiffs’ testimony as to their exact location seriously diminishes their claim that they were in a position which should have been observed by Rushing. However, assuming the latter’s negligence, plaintiffs were guilty of contributory negligence in endeavoring to cross a heavily traveled major highway at night without ascertaining that they could do so with reasonable safety. Plaintiffs basically concede this point because the main thrust of their brief is directed to the trial judge’s failure to apply the doctrine of last clear chance. This, though alternatively urged, concedes negligence on their part.
As to the applicability of the doctrine of last clear chance, it is well established that three factors must exist:
“First plaintiff must establish that he was in a position of peril of which he was unaware or from which he was unable to extricate himself. Secondly, plaintiff must show that defendant was in a position to discover plaintiff’s peril upon the exercise of reasonable care, caution and observation. Finally, plaintiff must establish that when defendant discovered plaintiff’s peril, defendant was possessed of a reasonable opportunity to avoid the accident. McCallum v. Adkerson, La.App., 126 So.2d 835; Whitner v. Scott, La.App., 116 So.2d 180; Newton v. Pacillo, La.App., 111 So.2d 895.”
See Tate v. Hill, 197 So.2d 107, 1st La.App.1967 (writs refused 250 La. 911, 199 So.2d 919).
We cannot find, under the circumstances of this case, that Rushing could or should have seen plaintiffs in a position of peril. Our reasons for this conclusion are the same as those stated above wherein we concluded that Rushing was guilty of no negligence. Further, we find that once Rushing observed the presence of one of the plaintiffs he acted as quickly and as *69 reasonably as he could under the circumstances.
For the above and foregoing reasons, the judgment of the District Court in each of these consolidated cases (Nos. 8881 and 8882) in favor of the defendant rejecting plaintiff’s claims is affirmed at plaintiffs’ costs.
Affirmed.