HARDY, Judge.
This is an action by plaintiff, Ernest Thomas, seeking recovery of damages to property and person, and Liberty Mutual Insurance Company, compensation insurer of Thomas’ employer, which prays for reimbursement of compensation paid. From a judgment rejecting plaintiffs’ demands they prosecute this appeal.
The accident which gives rise to this litigation occurred between the hours of 3 :00 and 4:00 o’clock, P.M., on August 9, 1957, on U. S. Highway 165, within the unincorporated limits of the Village of Gabon in Morehouse Parish. The collision involved an empty gravel dump truck driven by the defendant, Barnett, owned by Dreher Construction Company and insured by Globe Indemnity Company, all of whom are joined as defendants, and a pick-up truck owned *331 and driven by plaintiff in the course of his employment with Coleman Construction Company.
After thorough study of this case we are of the opinion that it might be briefly disposed by simply stating- our ultimate conclusion, namely, that plaintiffs have failed to establish their claims by the requisite preponderance of the evidence. However, in view of the somewhat voluminous record developed on trial, and in deference to the exhaustive briefs of counsel for both parties plaintiff and defendant, we feel impelled to devote somewhat more attention to a discussion of the matter than the above stated opinion and conclusion would appear to warrant.
Shortly preceding the accident the defendant, Barnett, entered U. S. Highway No. 165 on the intersecting road from the east, and turned on said highway in front of two pick-up trucks, the first driven by plaintiff, Thomas, and the second by a fellow employee, Monson. The point of Barnett’s entrance upon the highway was fixed as being 387 feet north of the actual point of impact. According to the testimony of the witnesses it appears that both Thomas and Monson had slowed their trucks to permit Barnett’s free access to the highway, and that after he turned south thereon the interval between the three vehicles was about 200 feet, one from the other. Both the Thomas and Monson trucks picked up speed and the Barnett truck was being rapidly overtaken by the Thomas truck as the vehicles approached the location of a spur railway track crossing the highway.
The stories of the principal actors involved in the collision, Thomas and Barnett, as to the facts directly bearing upon the occurrence are in irreconcilable conflict. Plaintiff, Thomas, contended and testified that he began a passing maneuver of the Barnett truck when he was still some 200 feet distant therefrom, at which point he pulled into his left lane of the highway, sounded his horn, and as he came almost abreast of the Barnett truck the driver thereof turned sharply to the left immediately in his path of travel, without giving any signal of his intention, thus causing the-collision. On the other hand, and directly in contradiction of plaintiff’s version, the defendant, Barnett, testified that he observed the Thomas truck following his vehicle as they both proceeded on their southbound course in the right-hand or west lane of the highway; that he signaled his intention of making a left turn by using the directional blinker lights on the truck and by extending his left arm from the cab thereof, despite which signals Thomas pulled his following truck sharply into the left hand lane almost immediately before plaintiff began a sharp left-hand turn. Both Thomas and Monson denied observing any signals indicating a proposed left-hand turn by the Barnett truck. At this point we are constrained to observe that we accredit little, if any, significance or weight to Monson’s testimony, since it was evident by development of his testimony on cross-examination that his view of the Barnett truck was obscured by the immediately following Thomas truck, and it is therefore obvious that he could not have observed any signals even if they were given. Nor do we feel inclined to credit the testimony of plaintiff, Thomas, in many particulars, especially with respect to his contention that he began his passing movement when he was approximately 200 feet behind the Barnett truck.
At a point a short distance beyond the spur track crossing of the highway a gravel road intersects the highway from the west; a work road, apparently used by the trucks hauling gravel, led off to the east, and, at a point near this road and in clear view from the highway, gravel loading operations were in progress, contiguous to the railway tracks. Present at the scene of this operation were a number of gravel cars, a drag-line and gravel trucks.
We think plaintiff’s actions are completely explained by his own testimony to the effect that the Barnett truck slowed down as it crossed the spur railway track, pulled to the right, and plaintiff concluded that the *332 driver thereof intended to turn into the intersection of the gravel road on the west side of the highway, whereupon he began his passing movement. It is abundantly clear that Thomas had this assumption so firmly fixed in his mind that he gave no consideration to the possibility of a left-hand turn by the lead truck, nor did he so much as relate the possible connection between the easily to be perceived gravel loading operations on the east side of the highway and the empty gravel truck which he had been following for almost 400 feet. We think this mental fixation on the part of Thomas led him into an attempt to pass the Barnett truck under circumstances which clearly constituted negligence, on his part. It is further clear that this firm assumption in the mind of Thomas as to the anticipated movement of the Barnett truck, would readily account for his failure to observe signals by the driver thereof, if, indeed, the signals were given. On this latter point we think it impossible to make a finding which would be sustained by any degree of preponderance of the evidence. Nor do we have the assistance, in an effort to decide between the violently conflicting testimony of Thomas and Barnett, of any investigation of or testimony as to surrounding physical circumstances which might serve to tip the balance of the weight of evidence in favor of • one or the other of the parties litigant.
We can only conclude, as above observed, that plaintiffs have failed to establish the negligence of Barnett as the sole and proximate cause of the collision. Additionally, we are convinced that both drivers were guilty of negligence — Barnett in attempting to make a sharp left-hand turn when he was not certain that such a proposed operation had been observed and would be heeded by the driver of the truck following immediately to his rear, and Thomas in attempting an abrupt passing movement, solely influenced by his unjustified and erroneous assumption of the course that would be taken by the preceding vehicle.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.