McCALEB, Justice
(dissenting).
I cannot agree that Thomas was guilty of any negligence which was a contributing cause to the accident. Indeed, after reading the reasons for judgment of the district court, the opinion of the Court of Appeal (see 116 So.2d 330) and the majority opinion herein, I am constrained to the view that a new theory of the law of contributory negligence has been injected into our jurisprudence.
The district judge, the Court of Appeal and this Court all find that Barnett was guilty of primary negligence in making a left-hand turn over the passing lane of the highway at a time when he knew or should have known that the Thomas truck had overtaken and was actually passing him. But all three courts have decided that *92 Thomas was guilty of contributory negligence ascribing different reasons therefor.
The district judge said that Thomas was imprudent because he was driving too close to the rear of the Barnett truck at the time he cut to the left and attempted to pass it. He observed that this was gross negligence because it is common knowledge “ * * * that a large percentage of headon collisions are caused by drivers cutting out from immediately behind motor vehicles they are trailing, thereby being unable to see any oncoming traffic because their view is obscured by the motor vehicle they are trailing”.
There might have been some substance in the trial judge’s reasoning if Thomas had become engaged in an accident with an oncoming vehicle. But I wonder how Thomas’ action contributed to the accident in this case. It is to be borne in mind that the term “contributory negligence” means what it says — that is, the negligence must be a contributing cause of the accident. Therefore, whether Thomas was travelling closely behind the Barnett truck prior to driving into the passing lane or had gradually angled over to the passing lane when he was further away from the Barnett truck could have absolutely no bearing on Barnett’s movement in making an illegal left turn.
The gravamen of the Court of Appeal opinion, that Thomas was contributorily negligent, is based on two theories. First it is said “ * * * that plaintiffs have failed to establish the negligence of Barnett as the sole and proximate cause of the collision”. This is, indeed, a novel idea because it apparently places on Thomas the burden of establishing that he was not guilty of contributory negligence. This, of course, is not the law for it is hornbook that contributory negligence is a defense which must be specially pleaded and that the defendant carries the burden of proving such negligence.
Secondly, the Court of Appeal opinion concludes that Thomas was contributorily negligent “ * * * in attempting an abrupt passing movement, solely influenced by his unjustified and erroneous assumption of the course that would be taken by the preceding vehicle”. This erroneous assumption on the part of Thomas is that he thought that Barnett was going to make a right turn into a gravel road on the west side of the highway and was evidently surprised when Barnett turned to the left.
This, too, is a unique theory because it convicts Thomas of negligence not really because of what he did or failed to do but merely because Thomas erroneously thought that the Barnett truck would turn right. In the absence of any believable evidence that Barnett signalled that he intended to make a left turn, the impression of Thomas, even if unjustified, could not be regarded as negligence as he surely was not aware, and had no reason to believe, that the Barnett truck would make a left turn.
The opinion of the majority of this Court, holding Thomas to be contributorily negligent, is even more difficult for me to understand. After considering the testimony and citing certain sections of the Highway Regulatory Act, which have been incorporated in the Revised Statutes, the majority opinion finds that Barnett was negligent in not ascertaining that he could safely make a left turn and then concludes that Thomas was also at fault “ * * * in not assuring himself that he could safely pass Barnett’s truck”. Literally, this can only mean that in order to be absolved of negligence in any case, the motorist overtaking and passing another vehicle must be absolutely certain that he can do so and that, if the defendant negligently pulls to his left and strikes him during the passing operation, there can be no recovery at all. It is hard for me to believe that the Court means what it says but, since there is nothing contained in the opinion which otherwise points to an act or dereliction on the part of Thomas which was a factor having causal connection with or contributing to the accident, I must assume that the Court is laying down as a rule of law that *93 a passing motorist is to be adjudged at fault if he becomes engaged in an accident with the vehicle he has overtaken, irrespective of the circumstances, because he did not insure “his safe passage” of the other vehicle.
I respectfully dissent.
SIMON, J., concurs.