BOLIN, Judge.
Plaintiffs, husband and wife, obtained a judgment for $1,201.64 and $500 respectively against defendants for special damages and personal injuries incurred in a motor vehicular collision. By a former opinion of this Court (149 So.2d 213, 1963) we decided the question of liability in favor of plaintiffs but remanded the case for introduction of further medical evidence in order better'to evaluate Mrs. Mitchell’s claim. Upon remand the only additional evidence submitted consisted of depositions of four physicians and one written medical report. The trial judge, for written reasons, concluded the additional evidence had not changed the situation materially and readopted his former opinion and cast plaintiffs for all additional costs since the original trial, and plaintiffs have again appealed.
The collision caused Mrs. Mitchell’s head to strike the windshield of her automobile resulting in bruises or a “big knot” on her head. Despite much medical testimony the trial judge on two occasions has decided this lady has failed to bear the burden of proving any substantial injuries, and for her minor and temporary injuries she was awarded $500. He concluded her claims for traumatic neurosis and other permanent injuries were based on vague probabilities and speculation and we are unable to find any error in these conclusions.
There is no serious disagreement with the award of $1,201.64 in favor of Boyd Mitchell. It was stipulated the medical bills totaled $329 and the damage to his automobile amounted to $872.64. Of course, this award does not include any allowance for future medical expenses for the treatment of the alleged neurotic condition.
LSA-C.C.P. Art. 1920 vests the trial court with much discretion in assessing costs and no abuse of this discretion has been shown. Since we are affirming the judgment, we see no reason to modify this element of the case on appeal.
The judgment appealed from is affirmed at appellants’ cost.
Affirmed.